WICKENHEISER v. GERMAN EXCHANGE BANK et al. (No. 7370.)

(Supreme Court, Appellate Division, First Department. June 18, 1915.)

COSTS &⊶93—ALLOWANCE—STAKEHOLDERS.

Costs upon the trial should be allowed to, and not against, a defendant, which is a mere stakeholder of the fund in controversy between plaintiff and the other defendant.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 369–375, 384–387; Dec. Dig. &⊶93.]

Appeal from Special Term, New York County.

Action by Emma E. Wickenheiser, as general guardian, against the German Exchange Bank and the Union Square Savings Bank, impleaded with George Herring. From a judgment for plaintiff, entered on a decision after a trial at Special Term, said defendant banks appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

---

&⊶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Henry A. Petersen, of New York City, for appellant German Exchange Bank.

Stephen P. Nash, of New York City, for appellant Union Square Savings Bank.

Artemas B. Smith, of New York City, for respondent.

DOWLING, J. In this case the savings bank account belonging to the estate of Charles F. Wickenheiser in the Union Square Savings Bank amounted to $2,428.96, and was represented by passbook No. 99,407. Herring, on March 2, 1908, surrendered the book and opened a new account in his own name, represented by passbook No. 109,770. On March 18, 1909, he obtained a loan of $1,000 from the German Exchange Bank and deposited the new passbook as collateral security therefor, and on November 26, 1909, he obtained from the same bank an additional loan of $1,000 thereon. Both these loans were repaid on January 3, 1910. Then, on February 3, 1911, he obtained from the same bank a new loan of $2,000 in the name of "Wickenheiser & Co.," his trade-name, and again gave the bank said passbook as collateral security, together with a draft on the Union Square Savings Bank for $2,000, and a collateral stock note for the same amount. On March 30, 1911, the German Exchange Bank gave notice to the Union Square Savings Bank of the loan, and that it held the passbook as collateral therefor. It also appears that the German Exchange Bank guaranteed the signature of Herring to the Union Square Bank on a certificate of the issue of letters testamentary to Herring on the Wickenheiser estate. In this case the German Exchange Bank asked for appropriate relief, not only against the plaintiff, but against its codefendant, and duly served copies of its answer upon them. The Union Square Savings Bank by its answer asked that the rights and interests of the various claimants to the account be determined in the action. The other facts are the same as in Wickenheiser v. Colonial Bank, 153 N. Y. Supp. 1035, decided herewith.

For the reasons therein given, the judgment herein as well should be modified by (1) reversing the award of costs against the Union Square Savings Bank, and granting it costs upon the trial, as it was merely a stakeholder of the fund in controversy; (2) by decreeing that the German Exchange Bank has a lien upon the fund in question to the amount of $2,178.25, with interest from February 25, 1913; (3) by decreeing that the balance, if any, of the account is impressed with a trust in favor of plaintiffs. Costs of the appeal are awarded to both appellants against respondents. The following findings of fact are reversed, as without evidence to support them: XV, XVI, XVII, XXIII, XXIV, and the conclusions of law numbered I to V, inclusive. The finding of fact numbered XVIII is reversed, and in place thereof will be substituted the following findings of fact proposed by the defendant German Exchange Bank: VI to XX, inclusive—which correctly set forth the facts in evidence. The conclusions of law are found, proposed by the German Exchange Bank, numbered I, II, IV, V, XII, and XIII. All concur.