EMMA E. WICKENHEISER, as General Guardian of the Person and Property of WALTER J. WICKENHEISER and HERBERT WICKENHEISER, Infants, and EMMA E. WICKENHEISER, Respondents, v. GERMAN EXCHANGE BANK and UNION SQUARE SAVINGS BANK, Appellants, Impleaded with GEORGE HERRING, Otherwise Known as " JOHN GEORGE HERRING," and GEORGE HERRING, as Executor, etc., of CHARLES F. WICKENHEISER, Deceased, Defendants.

(*Supreme Court, Appellate Division, First Department, June* 18, 1915.)

See head note in Wickenheiser v. Colonial Bank (*ante*, p. 119).

APPEAL by the defendants, German Exchange Bank and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 4th day of June, 1913, upon the decision of the court after a trial at the New York Special Term.

The defendant German Exchange Bank appeals from all of said judgment except such part as dismisses the complaint as against it, without costs, and without prejudice to an action at law against it and the other appellant.

Henry A. Peterson, for the appellant The German Exchange Bank.

Stephen P. Nash, for the appellant Union Square Savings Bank.

Artemas B. Smith, for the respondents.

DOWLING, J.—In this case the savings bank account belonging to the estate of Charles F. Wickenheiser in the Union Square Savings Bank amounted to $2,428.96, and was repre-

sented by pass.book No. 99,407. Herring, on March 2, 1908, surrendered the book and opened a new account in his own name, represented by pass book No. 109,770. On March 18, 1909, he obtained a loan of $1,000 from the German Exchange Bank and deposited the new pass book as collaterial security therefor, and on November 26, 1909 he obtained from the same bank an additional loan of $1,000 thereon. Both these loans were repaid on January 3, 1910. Then, on February 3, 1911, he obtained from the same bank a new loan of $2,000 in the name of " Wickenheiser Co.," his trade name, and again gave the bank said pass book as collaterial security, together with a draft on the Union Square Savings Bank for $2,000, and a collaterial stock note for the same amount. On March 30, 1911, the German Exchange Bank gave notice to the Union Square Savings Bank of the loan, and that it held the pass book as collaterial therefor. It also appears that the German Exchange Bank guaranteed the signature of Herring to the Union Square Bank on a certificate of the issue of letters testamentary to Herring on the Wickenheiser estate. In this case the German Exchange Bank asked for appropriate relief, not only against the plaintiff but against its codefendant, and duly served copies of its answer upon them. The Union Square Savings Bank by its answer asked that the rights and interests of the various claimants to the account be determined in the action. The other facts are the same as in Wickenheiser v. Colonial Bank (168 App. Div. 329), decided herewith. For the reasons therein given, the judgment herein as well should be modified by (1) reversing the award of costs against the Union Square Savings Bank, and granting it costs upon the trial, as it was merely a stakeholder of the fund in controversy; (2) by decreeing that the German Exchange Bank has a lien upon the fund in question to the amount of $2,178.25, with interest from February 25, 1913; (3) by decreeing that the balance, if any, of the account is impressed with a trust in favor of plaintiffs. Costs of the appeal

are awarded to both appellants against respondents. The following findings of fact are reversed, as without evidence to support them: XV, XVI, XVII, XXIII, XXIV, and the conclusions of law numbered I to V, inclusive. The finding of fact numbered XVIII is reversed and in place thereof will be substituted the following findings of fact proposed by the defendant German Exchange Bank: sixth to twentieth, inclusive, which correctly set forth the facts in evidence. The conclusions of law are found, proposed by the German Exchange Bank, numbered first, second, fourth, fifth, twelfth and thirteenth.

INGRAHAM, P. J. McLAUGHLIN, LAUGHLIN and HOTCHKISS, JJ., concurred.

Judgment modified as directed in opinion and as modified affirmed, with costs to both appellants against respondents. Order to be settled on notice.