THE CORN EXCHANGE BANK, Appellant, *v.* MANHATTAN SAVINGS INSTITUTION and FLORENCE BLENDERMAN, Impleaded, Respondent.

(Supreme Court, Appellate Term, First Department, January, 1919.)

**Savings banks — when not put upon inquiry in transferring account from a trust account to an individual account — negotiable instruments.**

A savings institution, without inquiry as to the purpose for which the transfer was being made, may rightfully permit the transfer of moneys from the account of " Mamie Blenderman in trust for Florence Blenderman " to the individual account of the former.

In an action to recover $500 loaned by a bank to Mamie Blenderman upon the security of a savings bank book issued to her in her individual name and showing a deposit of $595.73, it appeared that an assignment of $500 thereof was made by her to plaintiff at the time of the loan and the savings bank was at once informed of the fact and acknowledged receipt of the notice. The loan not having been paid, the savings bank book with the assignment was presented by plaintiff at the savings bank and payment refused with the statement " payment had been stopped." It further appeared that an account had been opened in the savings bank in the name of Mamie Blenderman in trust for Florence Blenderman and that the moneys in said account were the property of the latter; that thereafter upon the application of Mamie Blenderman for the loan, she informed plaintiff that she could furnish as collateral, a pass book described as an account in the name of " Mamie Blenderman in trust for Florence Blenderman " in the defendant savings institution. Plaintiff informed her that while it could not take the pass book as security, yet, if the money should be withdrawn by the trustee and deposited in her name as an individual, the new pass book issued would be taken as security; and thereupon, without the knowledge of the defendant Florence Blenderman, Mamie Blenderman drew out said trust fund and redeposited the same in her own name as an individual. *Held,* that plaintiff was not put upon any further or other inquiry than was required of the

defendant savings institution in transferring the account from a trust account to an individual account as it might rightfully do without inquiry as to why the change was being made, and a judgment in favor of defendants will be reversed and judgment directed in favor of plaintiff.

Bijur, J., dissents.

Appeal by plaintiff from a judgment in favor of defendants after a trial by the court without a jury.

Scott, Gerard & Bowers (Spotswood D. Bowers and John F. Couts, of counsel), for appellant.

John E. Brady, for respondent.

Guy, J. This case comes to this court on appeal from a decision of the Municipal Court in favor of the defendant Florence Blenderman, who had been impleaded by an order of the court, which also directed the dismissal of the action as to the defendant Manhattan Savings Institution, upon that institution paying the sum of $500 into court.

The action was brought to recover $500 loaned on the 11th day of January, 1915, by the Corn Exchange Bank to Mamie Blenderman upon the security of a savings bank book of the Manhattan Savings Institution, issued in her name as an individual, showing $595.73 on deposit. An assignment of $500 due under this book was made by said Mamie Blenderman to the Corn Exchange Bank at the time of this loan and the Manhattan Savings Bank was at once informed of the assignment (transcript 5) and acknowledged receipt of such notice on January 13, 1915. After Mamie Blenderman had failed to pay the loan, the savings bank book, together with the assignment, were presented by the Corn Exchange Bank to the said Manhattan Savings Bank on January 16, 1918, and payment

was refused with the statement that " payment had been stopped."

Defendant proved that on or about November 23, 1914, an account had been opened in said savings institution in the name of Mamie Blenderman in trust for Florence Blenderman and that the moneys in said account were the property of said Florence Blenderman. That on or about January 5, 1915, said Mamie Blenderman applied to plaintiff for a loan, informing plaintiff that she could furnish as collateral security a pass book, described as an account in the name of " Mamie Blenderman in trust for Florence Blenderman " in the Manhattan Savings Institution, and thereupon plaintiff informed said Mamie Blenderman that while it could not take that pass book as security, yet if the money should be withdrawn by the trustee and deposited in the name of the trustee, as an individual, and a new pass book issued, such new pass book would be taken as security; and that thereupon, without the knowledge of the defendant Florence Blenderman, said Mamie Blenderman drew out said trust fund and redeposited same in her name as an individual, and it is contended by defendant that plaintiff, knowing that the fund was a trust fund, was put upon inquiry as to whether the fund was being diverted from the purposes of the trust.

There can be no question that the savings institution could rightfully, without inquiry as to the purpose for which the transfer was being made, permit the transfer of the moneys from the account of Mamie Blenderman in trust for Florence Blenderman to the individual account of Mamie Blenderman (*Wickenheiser* v. *Colonial Bank,* 168 App. Div. 329; affd., 224 N. Y. 651; *Bischoff* v. *Yorkville Bank,* 218 id. 106); and we are unable to see that plaintiff, in the light of all the facts proved by defendant, was put upon any further or

Appellate Term, First Department, January, 1919.   [Vol. 105.

other inquiry than was required of the savings institution in transferring the account from a trust account to an individual account.

The judgment must therefore be reversed and judgment directed in favor of plaintiff for the full amount named, with thirty dollars costs in this court and costs in the court below.

BIJUR, J. (dissenting). I dissent. This action was originally brought against the defendant Manhattan Savings Institution to recover $500 upon an assignment to that extent of a savings bank account represented by a book issued by it to one Mamie Blenderman. The impleaded defendant, Florence Blenderman, claims that the account was held in trust for her by Mamie Blenderman, who is her stepmother. It appears without contradiction that the moneys in the account were the property of Florence, and that the account had for some years prior to the transaction involved in the present suit stood in the name of " Mamie Blenderman in trust for Florence;" that early in January, 1915, Mamie asked her stepson, Florence's brother, to apply to the plaintiff for a loan; that the brother " went to inquire as to whether my stepmother could negotiate a loan with the bank for $500 * * * they [the bank] said it would be necessary to give security * * * Then I spoke of the pass-book that was in the Manhattan Savings Institution that my stepmother held in trust for my sister Florence * . * * Then he [the manager of the bank] said they could not make a loan on the book being in trust, so I made a suggestion that if the book was transferred to my stepmother's name if the loan could be made. Mr. Kellum [the manager] said that provided the book was in my stepmother's name and she was making the loan they could lend the money.

That was all that day.  A few days later I went to the Manhattan Savings Institution and the account was transferred from ' Mamie in trust for Florence ' to ' Mamie Blenderman ','' and thereafter the loan was made in due form.

Upon this state of facts I have no doubt that the Manhattan Savings Institution was warranted in changing the account from the name of '' Mamie Blenderman in trust for Florence Blenderman '' into the name of Mamie Blenderman as an individual.  *Wickenheiser* v. *Colonial Bank,* 168 App. Div. 329; affd., 224 N. Y. 651.  See, also, *Bischoff* v. *Yorkville Bank,* 218 N. Y. 108.  The fact, however, that the Manhattan Savings Institution was justified in either changing the name of the account or as it might have been, paying the actual money to the trustee who had the legal title thereto, did not convert the trust fund into individual property of the trustee.  The uncontradicted testimony of the brother of the defendant, Florence Blenderman, establishes that the plaintiff had notice that the funds were held by Mamie in trust for Florence and that Mamie was seeking a loan for her own benefit as an individual upon the security of the trust fund.  We have not to decide whether there would be any infirmity in the plaintiff's position had an application for a loan been made by or on behalf of the trustee without further circumstance or explanation.  It may well be that under such circumstances the plaintiff might have been entitled to presume that the trustee would use the loan for the trust purposes.  Here, however, the refusal to make the loan while the account stood in a form expressing the trust indicates plaintiff's appreciation of the fact that the loan was sought not for the benefit of the trust but for the individual purposes of the trustee.  It was, therefore, to say the least, put upon inquiry as to whether the beneficiary consented to such

use of her estate.   Her testimony at the trial, which was believed, was to the effect that she had not so consented.   Upon familiar principles, therefore, the claim of the plaintiff in this case was subject to the equity in favor of Florence.   See, generally, *First National Bank* v. *National Broadway Bank,* 156 N. Y. 459; *Rochester & C. T. R. Co.* v. *Paviour,* 164 id. 281; *Squire* v. *Ordemann,* 194 id. 394.

In my opinion, therefore, the judgment rendered was correct and should be affirmed with costs to respondent.

Judgment reversed, with costs.