In the Matter of the Estate of WILLIAM I. LANDER, Deceased.

Surrogate's Court, New York County, February 27, 1937.

*Ralph S. Hull*, for the petitioner.

*James J. McInerney*, special guardian.

FOLEY, S.  The sole question remaining for determination in this accounting proceeding arises because of the sale of certain shares of preferred stock upon which, at the time of sale, there were accumulated, but undeclared and unpaid, dividends. The trustee and the life tenant, who is the widow of the decedent, contend that the sale represented a realization of both unpaid dividends and capital value and there should be an apportionment of the proceeds of sale as between the life tenant and remaindermen.  The special guardian of the infant remaindermen asserts that the entire proceeds became part of the principal of the trust and should remain therein. The research of counsel and that of the surrogate have not disclosed any case in the official reports of this State which has determined the question.

The specific shares involved in this proceeding were fifty shares of the six per cent cumulative preferred stock of the New York, Chicago and St. Louis Railroad Company.  The stock was purchased by the trustee on February 11, 1931, at ninety-two dollars per share.  It was sold on August 17, 1936, at eighty dollars per share.  At the time of this sale the unpaid accumulated dividends amounted to twenty-eight dollars and fifty cents per share.  Counsel for the trustee and life tenant seeks an apportionment based upon the ratio of one hundred as the amount of principal, and twenty-eight and fifty one-hundredths as the amount of income.

In *Matter of Dillman* (N. Y. L. J. Feb. 26, 1935, not officially reported) a similar question was presented to me and I held that the entire proceeds of the sale of preferred stock, upon which dividends had accumulated, could not be made the subject of apportion-

ment and must be treated wholly as principal. In that proceeding there was involved the preferred stock of the United States Steel Corporation.

The surrogate likewise holds that in the present proceeding there is no legal authority, either statutory or by judicial rule, for an apportionment or allocation of the proceeds of sale. The sale represents a capital realization.

It is an elementary and basic rule that a dividend never becomes payable to a life tenant or apportionable between life tenant and remaindermen or allocable to either group until such dividend is formally declared by action of the corporate officers. " Although stockholders own, proportionately to their holdings, the right to share in the corporate assets, they belong to the corporation until the corporation agents exercise their discretion and divide them among the stockholders." ( *United States Trust Co.* v. *Heye*, 224 N. Y. 242, at p. 253, citing *Robertson* v. *de Brulatour*, 188 id. 301; *Matter of Booth*, 139 Misc. 253.) Not until the declaration of the dividend does the owner of the stock become entitled to payment. The assignment or sale of the stock before such declaration carries with it the stockholder's proportionate share of the assets including all undeclared dividends. (*Hopper* v. *Sage*, 112 N. Y. 530; *Boardman* v. *Lake Shore & Michigan Southern Railway Co.*, 84 id. 157.) These rules in their relation to the law of trusts were analyzed and applied by the Court of Appeals in *Matter of Kernochan* (104 N. Y. 618).

They were restated by Judge INGRAHAM in *Stewart* v. *Phelps* (71 App. Div. 91, at p. 98): " On all corporate stock owned by a trustee, the living beneficiary is entitled to all dividends declared upon that capital stock, but not to the amounts owned or reserved by the company where no dividends have been declared. The increase in the value of the stock caused by the accumulation of the undistributed profits does not become income or profits payable to the living beneficiary until dividends have been actually declared by the directors and thus separated from the capital of the corporation to be distributed as profits to its stockholders."

I pointed out in *Matter of Dillman* (*supra*) that it would be the utmost speculation to attempt to analyze the psychology of the purchaser of the stock and to use such analysis for the basis of the division of the price which he paid. In *Thompson* v. *N. Y. Trust Co.* (107 Misc. 245) Justice LEHMAN, now of the Court of Appeals, held that after the declaration of accumulated dividends, the amount declared was not an extraordinary dividend but became payable to the life tenant in the same form as an ordinary cash

dividend regardless of the time when the surplus out of which they were payable was accumulated. (Citing *Matter of Osborne,* 209 N. Y. 450.)

The authorities cited by counsel for the trustee and life tenant relating to the apportionment between the life beneficiary and remaindermen in salvage operations incident to the foreclosure of a mortgage have no application to the present situation. (*Matter of Chapal,* 269 N. Y. 464; *Matter of Otis,* 158 Misc. 808.) The distinction between the rule in these cases and the rule as to accumulated dividends is obvious. In the case of a bond and mortgage the interest is a fixed obligation and accrues without any prerequisite action of the mortgagor or owner. A dividend never becomes due until actually declared. Nor do the cases which deal with the apportionment between life tenant and remaindermen of the proceeds of unproductive property apply here. (*Lawrence* v. *Littlefield,* 215 N. Y. 561; *Furniss* v. *Cruikshank,* 230 id. 495; *Matter of Jackson,* 258 id. 281; *Matter of Satterwhite,* 262 id. 339.) The allocation of the proceeds of sale in this class of cases is based upon the expressed intent of the testator to effect an equitable conversion of the real property into personalty. It is also based upon the character of the property as unproductive and the consequent evidence of intent to provide income for the life tenant during the period in which the property remained unsold. In the will involved in the pending proceeding there is no indication of an intent that the life tenant should participate in unpaid accumulated dividends. The words of the will simply include the general direction to pay the income to the widow of the testator.

I accordingly hold that the entire proceeds of sale must be retained within the corpus of the trust and that no part thereof may be allocated as income to the life tenant.

The objection of the special guardian on this phase of the proceeding is sustained. His remaining objections to the account have been withdrawn.

Submit decree on notice settling the account accordingly.