In the Matter of the Estate of MONROE A. WERTHEIMER, Deceased.

Surrogate's Court, New York County, November 15, 1941.

*Mitchell, Taylor, Capron & Marsh,* for petitioners.

*Frederick E. Crane,* special guardian.

FOLEY, S. The principal issue in this accounting proceeding involves the question as to whether certain cash received by the accountants upon the dissolution of Werth Corporation, a corporation of which the testator owned 297 shares of stock out of a total issue of 607 shares, should be allocated to principal or to income.

Several years prior to his death the testator transferred and assigned to Werth Corporation certain insurance policies upon his life in the face amount of $94,000. He received therefor from the corporation the actual costs to him of the policies. Thereafter the corporation paid the premiums on the policies. At the time of the testator's death the corporation had expended the sum of $74,951.97. Subsequent to his death the corporation collected the proceeds of the policies, totaling $95,342.77. It thus received $20,390.80 in excess of the amount expended by it. More than a year after the death of the testator, Werth Corporation was dissolved and all of its assets were distributed to its stockholders. The accountants, treating the sum of $20,390.80 as profits accruing to the corporation after the date of death of the testator, have allocated the estate's share of such profits as income to the life beneficiaries of the residuary trust under the will. The special guardian contends that the entire proceeds of the life insurance policies belong to principal on the theory that the policies were an asset of the corporation which had a value at the instant of the testator's death of the full amount collected by the corporation.

The surrogate holds that the allocation made by the accountants was correct. Werth Corporation, as is evidenced by its certificate

of incorporation, was a holding or trading company. Within the unusually wide powers granted in it, there can be no question that the corporation had the right to purchase the insurance policies from the testator. Their acquisition by the corporation constituted an investment upon which, depending upon the date of the death of the testator, a profit might or might not be realized at some future time. The proceeds of the insurance were received and a profit was realized by the corporation after the date of death of the testator. The right to collect the proceeds, upon compliance with certain conditions contained in the policies, came into existence immediately after the testator passed away, and not prior thereto or simultaneously with his death. By the terms of the policies the corporation did not become entitled to payment until their surrender to the insurance companies and the delivery to them of proper proofs of death. (*Golden* v. *Commissioner of Internal Revenue*, 113 F. [2d] 590.) In the case just cited, which was an income tax case, a corporation carried insurance upon the life of its president. Upon his death it caused the transfer of the proceeds of the insurance to be made to its stockholders. The court pointed out that in such case " the stockholders do not receive those proceeds ' under a contract of insurance.' The contract goes no further than to create a legal relationship between the insurer, the insured officer, and the beneficiary corporation. The amounts received by the stockholders fall rather into the broad category of dividends. They have accordingly been taxed to the stockholders * * *." The question also arose in that case as to when the insurance dividend, which became payable by the death of the president of the corporation, accrued to the testator. The court said: " Mr. Golden, the insured president of the Valve Company, held, as might be expected, a large portion of its stock. Did his insurance dividend accrue to him individually in the period before his death, or to his estate in the period after his death? The Board's allocation of the dividend to the later period is, we think, plainly correct. 'All events creating the liability ' for that dividend had assuredly not occurred prior to Mr. Golden's death, or even — to split a metaphysical hair — up to and including the moment of his death. For one thing, payment of the dividend was conditional upon payment of the policy proceeds. For another, that payment was in turn conditional upon receipt by the insurance companies of the proofs of death required by their policies. Neither condition, by hypothesis, could be complied with instantaneously."

Since, therefore, the profit earned by the corporation upon the insurance policies was not realized until after the testator's death and was only then distributed among the respective shareholders of

the company, the amount received by the accountants must be deemed to be income and is properly payable to the life beneficiaries of the residuary estate. (*United States Trust Co.* v. *Heye*, 224 N. Y. 242; *Matter of Schaefer*, 178 App. Div. 117; *Matter of Booth*, 139 Misc. 253; *Matter of Palmer*, 133 id. 159.)

(Other directions included in the original decision of the surrogate omitted because not of general interest and because of their subordinate importance.)

Submit decree on notice settling the account in accordance with this decision.