John J. Dillon, S.
In this trustee’s intermediate accounting proceeding, one of three special guardians has interposed objections to the allocation of stock of Chase Manhattan Bank, which resulted from the merger of Chase National Bank with Bank of the Manhattan Company, and the stock of Sperry Band Corporation, which resulted from the consolidation of Bemington Band, Inc. with Sperry Corporation, between income and principal. The objectant contends that no portion of the newly-issued stock of such corporations constitutes a dividend and that therefore all of the stock should be retained by the trustees as principal, rather than allocated between principal and income as proposed by the trustees.
The testator died a resident of Westchester County on July 16, 1949 and his will dated October 20, 1947 was duly admitted to probate and letters testamentary and letters of trusteeship were issued to the petitioners on July 25,1949.
Under article “ninth” of his will, the testator expressly directed that a “ stock dividend” or “an extraordinary dividend” received by the trustees “ shall be deemed income within the meaning of the provisions of this my will and be so distributed ”. Section 17-a of the Personal Property Law provides in substance that in the absence of any expression of contrary intent, all stock dividends are to be allocated to principal rather than to income. However, the testator clearly manifested his intention that all stock dividends or extraordinary dividends are to be treated as income and therefore, the provisions of section 17-a of the Personal Property Law are not controlling in this case. (Matter of Matthews, 280 App. Div. 23.) A dividend has been defined as a corporate profit set aside, declared and ordered by the directors to be paid to the stockholders upon demand, or at a fixed time. (People ex rel. Pullman v. Glynn, 130 App. Div. 332.) In Matter of Osborne (209 N. Y. 450, 476) the court in a decision by Chase, J. drew the following distinction between an ordinary and an extraordinary dividend: “ The dividends usually declared by corporations are the ordinary *746 dividends such as are declared from year to year or at other regular dividend periods. Extraordinary dividends are the exception.” In that case, the court after reviewing all of the rules relating to apportionment of stock dividends as between income and principal, adopted in substance the Pennsylvania rule and held that extraordinary dividends should be apportioned between income and principal so that the portion of the dividend that was earned prior to the creation of the trust is retained as part of the capital of the trust fund. In Matter of Jones (377 Pa. 473) the court refused to extend the Pennsylvania rule of apportionment to a situation where there had been a merger and held that the stock of the merged corporation must be retained as trust principal, even though such merger had resulted in the capitalization of surplus and undivided profits. In Matter of Bonbright (186 Misc. 172) the court held that where a corporation in which the trust held stock was merged with another corporation which took over all of its assets and issued new stock in the merged corporation, the new stock must be treated as trust principal, even though the original corporation at the time of the merger had earnings from which dividends might have been declared. In that case, the court stated that such earnings were not ‘ ‘ income ’ ’ to the stockholder until the dividend was-declared. (See, also, Matter of Atterbury, N. Y. L. J., May 5, 1937, p. 2251, col. 6; Matter of Runkle, N. Y. L. J., May 18, 1939, p. 2295, col. 2.) In Matter of Saks (202 Misc. 130) the court held that stock received by trustees upon a recapitalization was properly retained as principal and did not constitute the payment of a stock dividend. In Matter of Lander (162 Misc. 201) preferred stock upon which there were accumulated, but undeclared and unpaid dividends, was sold by the trustees and the court in a decision by Foley, S. rejected the contention of the income beneficiary that there should be an apportionment of the proceeds of sale between the life tenant and remainder-men, stating at page 202: ‘ ‘ It is an elementary and basic rule that a dividend never becomes payable to a life tenant or apportionable between life tenant and remaindermen or allocable to either group until such dividend is formally declared by action of the corporate officers. ‘ Although stockholders own, proportionately to their holdings, the right to share in the corporate assets, they belong to the corporation until the corporation agents exercise their discretion and divide them among the stockholders. ’ (United States Trust Co. v. Heye, 224 N. Y. 242, at p. 253, citing Robertson v. de Brulatour, 188 id. 301; Matter of Booth, 139 Misc. 253.) Not until the declaration of the dividend does the owner of the stock become entitléd to payment. *747 The assignment or sale of the stock before such declaration carries with it the stockholder’s proportionate share of the assets including all undeclared dividends. (Hopper v. Sage, 112 N. Y. 530; Boardman v. Lake Shore & Michigan Southern Railway Co., 84 id. 157.)”
The court determines that the exchange of stock which took place upon the merger of the Chase National Bank with the Bank of Manhattan Company and the exchange of stock which took place upon the consolidation of Sperry Corporation with Remington Rand, Inc. did not result in a stock dividend. The effect of such exchange is analagous to a situation where the trustees had sold a portion of the trust assets and reinvested the proceeds of the sale in different securities. Under those circumstances, no one could or would reasonably contend that any portion of the substituted stock should be apportioned between principal and income merely because the new stock represented ownership in a corporation having a different capital structure than that of the former corporation. The court, therefore, determines that where a corporation in which a trustee holds stock merges or consolidates with another corporation, as in the instant case, the new shares of stock received by the trustee must be retained by them as trust principal. Accordingly, the objection of the special guardian with respect to the allocation of any portion of the stock of Sperry Rand Corporation and Chase Manhattan Bank Corporation to income is sustained and the trustees are directed to revise their account in accordance with the determination hereinabove made.
Settle decree.