ROBERT H. THOMPSON, Plaintiff, *v.* THE NEW YORK
TRUST COMPANY and MAUDE EVELYN THOMPSON,
Defendants.

(Supreme Court, New York Special Term, May, 1919.)

Trusts — dividends — corporations — when payment of accumulated
unpaid dividends must be regarded as ordinary dividend — pleading.

> An assignment of certain stocks in trust to receive the
> dividends and income thereon and pay the same to assignor's
> wife, included certain shares of preferred stock, the certificates
> of which provided that the holder should be entitled to receive
> from the surplus or net profits of the corporation when and as
> declared yearly cumulative dividends. About four years after
> the creation of the trust, the corporation, out of the surplus
> which it had accumulated before the creation of the trust, paid
> dividends which had accumulated and remained unpaid in
> previous years. Upon sustaining a demurrer to the complaint
> of the creator of the trust praying that he be declared entitled
> to all dividends paid out of said surplus, *held,* that under the
> rule laid down in *Matter of Osborne,* 209 N. Y. 450, a payment
> of accumulated unpaid dividends must be regarded as an
> ordinary dividend within the contemplation of the plaintiff
> when he created the trust.

DEMURRER to complaint.

John J. Crawford, for plaintiff.

De Forest Brothers, for defendant New York Trust
Company.

LEHMAN, J. The plaintiff herein alleges in his
amended complaint that on or about the 26th day of
February, 1913, the plaintiff, for the purpose of
making provision for the support and maintenance of
the defendant Maude Evelyn Thompson, his wife,

assigned and transferred to the defendant New York Trust Company certain certificates of stock in trust, to receive the dividends and income thereon and pay the same over to the said Maude Evelyn Thompson for and during her natural life and upon her death to reassign and transfer the said stocks to the plaintiff, his personal representative or assigns. Included among the stocks so assigned in trust to the New York Trust Company were certificates for 250 shares of the preferred stock of the Corn Products Refining Company. These certificates contained a provision that the holders " shall be entitled to receive when and as declared from the surplus or net profits of the company, yearly dividends at the rate of 7 per cent per annum and no more, payable quarterly on dates to be fixed by the by-laws. The dividends shall be cumulative * * *" etc. For some time prior to the 26th day of February, 1916, the dividends paid upon said stock had been at the rate of only five per cent per annum, and at that date there had accumulated upon the stock unpaid dividends amounting to eleven and two-thirds per cent. During the years 1913, 1914, 1915 and 1916 further unpaid dividends accumulated, but in 1917 the Corn Products Company paid the sum of $4,791.66 as and for dividends which had accumulated and remained unpaid in previous years. All of these accumulated unpaid dividends were paid out of the surplus which the company had accumulated before the creation of the trust. Upon these facts the plaintiff asks that he be declared entitled to the dividends paid out of the surplus which the Corn Products Refining Company had accumulated prior to the creation of the trust.

The original complaint herein contained the same allegations of fact as the amended complaint, except that the plaintiff failed to allege in the original com-

plaint that the accumulated unpaid dividends were paid in 1917 out of the surplus accumulated before the creation of the trust. A demurrer to the original complaint was sustained by Mr. Justice Philbin, who stated in his opinion: "I am satisfied that as to all dividends declared subsequent to the delivery of the deed it was the intention that the defendant Trust Company was to receive the dividends and income on said stocks and to pay the same over to the said Maude Evelyn Thompson, *irrespective of when the dividends so declared were* earned." (The italics are mine.)

Obviously if this statement of the law is correct, the plaintiff in his amended complaint has failed to state any cause of action. The plaintiff, however, urges that upon the argument of the demurrer to the original complaint, he assumed that the dividends had been paid out of the earnings accumulated after the delivery of the deed of trust and that he did not attempt to urge any distinction in regard to his rights between dividends paid out of earnings accumulated before the creation of the trust and dividends paid out of earnings accumulated thereafter. It is his contention upon the present motion that under the authority of *Matter of Osborne,* 209 N. Y. 450, he is entitled as remainderman to all dividends paid out of the surplus accumulated before 1913. In my opinion the plaintiff entirely misapprehends the effect of that case. The rule as laid down therein is that

1. "*Ordinary* dividends, regardless of the time when the surplus out of which they are payable was accumulated, should be paid to the life beneficiary of the trust."

2. "*Extraordinary* dividends, payable from the accumulated earnings of the company, whether payable in cash or stock, belong to the life beneficiary,

Supreme Court, May, 1919.      [Vol. 107.

*unless they entrench in whole or in part upon the capital of the trust fund* as received from the testator or maker of the trust or invested in the stock, in which case such extraordinary dividends should be returned to the trust fund or apportioned between the trust fund and the life beneficiary in such a way as to preserve the adequacy of the trust fund.''

In the present case, the plaintiff when he executed the deed of trust and provided that the dividends should be paid to the life beneficiary, must be presumed to have understood that the preferred stock was entitled to seven per cent *cumulative* dividends per annum and to no other dividends. He knew that any accumulated surplus of the corporation must be used to pay any accumulated unpaid dividend before the common stockholders could obtain any return on their own investment. Under these circumstances I think it is clear that a payment of accumulated unpaid dividends must be regarded not as an extraordinary dividend but as an ordinary dividend within the plaintiff's contemplation when he created the trust, and that such dividends do not entrench in whole or in part upon the capital of the trust fund as received from the maker of the trust. It follows that the demurrer should be sustained, with costs.

Demurrer sustained, with costs.