158 PETRY *v.* HARWOOD ELECTRIC CO., Appel. (No. 2).

Syllabus—Opinion of the Court.          [280 Pa.

## Petry et al. *v.* Harwood Electric Co., Appellant (No. 2).

*Corporations — Dividends—Preferred stock—Wrongful application of moneys to amortization of over-valued securities.*

A corporation is not justified in diverting to the amortization of over-valued securities owned by it a portion of its income which should have been applied to the payment of dividends on its preferred stock.

Argued January 18, 1924.  Appeal, No. 219, Jan. T., 1924, by defendant, from decree of C. P. No. 5, Phila. Co., March T., 1920, No. 6398, for plaintiffs on bill in equity, in case of Frederick J. Petry et al. v. Harwood Electric Co.  Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.  Affirmed.

Bill for accounting and for payment of dividends on preferred stock.  Before Martin, P. J.

The opinion of the Supreme Court states the facts.
Decree for plaintiffs.  Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*George Wharton Pepper,* with him *Wm. Jay Turner,* for appellant.—The amortization was justified: Pardee v. Electric Co., 262 Pa. 68; Prudential Loan Society v. Mayer, 25 Pa. Dist. R. 885; Warren v. Queen & Co., 240 Pa. 154.

*Owen J. Roberts,* with him *Robert C. Walker,* for appellees.

Opinion by Mr. Justice Schaffer, March 24, 1924:
This case is a companion one to the preceding and involves the question whether plaintiffs as preferred stock-

PETRY *v.* HARWOOD ELECTRIC CO., Appel. (No. 2). 159

1924.]                    Opinion of the Court.

holders of the Harwood Electric Company were entitled to be paid the accumulated dividends on their shares up to the time of the merger. What has been said in our review of that case is applicable to this. The court below found that $227,000, which should have been devoted to the payment of preferred dividends, had been diverted to the amortization of the over-valuation of securities owned by defendant, that this application of the earnings was not warranted and that they should have been applied to the payment of dividends on the preferred stock. He fixed the sum payable, not at the full amount of the accrued dividends, $38, per share, but at $34.64 per share. If there was error in this, it was against the plaintiffs and defendant had no right to complain. The chancellor felt constrained by our opinion in Pardee v. The Harwood Electric Co., 262 Pa. 68, to hold that there had been no undue diversion of earnings to depreciation of property. Whether we would have reached the same conclusion as to that feature of the case if we had been called upon to consider it, is not necessary now to state. We agree that plaintiffs were entitled to what the court awarded them for dividends.

The assignments of error are overruled and the decree is affirmed at the cost of appellant.