# Moy, Executrix, Appellant, v. Colonial Finance Corporation.

*Corporations—Stockholders—Creditors—Preferred stockholders —Ratification.*

1. A preferred stockholder is not a corporate creditor.

2. A holder of stock of a corporation, whether common or preferred, is a part owner of its property, and not a creditor.

3. An agreement between two corporations, ratified by the majority of the stockholders of both, to exchange the preferred stock of one company for the preferred stock of the other, indicates that the parties did not consider that the acceptance of such stock by one of the companies which sold all its property to the other, imposed a liability on the other to pay for such stock in cash as other debts assumed.

4. Suit, by a stockholder, to recover, under the agreement of sale, the par value of preferred stock, amounts to a ratification of the sale.

Argued March 25, 1925. Appeal, No. 75, March T., 1925, by plaintiff, from judgment of C. P. Allegheny

Co., April T., 1923, No. 1203, for defendant n. o. v., in case of Hatita Alice Moy, Executrix of Jim Fuey Moy, deceased, v. Colonial Finance Corporation. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover in money par value of preferred stock. Before FORD, J.

The opinion of the Supreme Court states the facts.

Directed verdict for plaintiff for $6,412. Judgment for defendant n. o. v.

*Error assigned* was judgment n. o. v., quoting record.

*M. J. Hosack,* for appellant.—It is a general rule that the debts, duties and liabilities of the constituent corporation may be enforced against the consolidated company in the same manner and to the same extent as if incurred or contracted by it: Cumberland Val. R. R. v. R. R., 177 Pa. 519; Landes Bros. v. Milling & Export Co., 27 Pa. C. C. R. 630.

A dissenting stockholder does not become ipso facto a member of the consolidated corporation, nor is he bound to accept the stock therein under the United States rule in Mason v. Pewabic Mining Co., 133 U. S. 50; Petry v. Electric Co., 280 Pa. 142.

*A. C. Purdy,* of *Scott & Purdy,* for appellee, cited: Ozan Lumber Co. v. Sewing Machine Co., 284 Fed. 161, and Butler v. Copper Co., 10 Del. Ch. 371.

OPINION BY MR. JUSTICE WALLING, May 4, 1925:

The Colonial Finance Corporation, defendant, was a Delaware corporation as was the Republic Acceptance Corporation; each had common and preferred stock and both were engaged in business in Pittsburgh. In 1922, by agreement, the Acceptance Corporation sold and transferred all its property, including assets, good will,

etc., to the Finance Corporation and received in payment therefor the common and preferred stock of the latter company at the ratio of two shares of the Finance Corporation for three shares of like stock of the Acceptance Corporation. As a part of the same transaction the Finance Corporation agreed to assume all the outstanding liabilities, both fixed and contingent, of the Acceptance Corporation and all of its obligations upon uncompleted stock agreements. The sale was duly ratified by the stockholders of the Acceptance Corporation, which corporation, later on the same day, voted to dissolve. A large majority of the holders of preferred stock in the Acceptance Corporation surrendered their stock therein and received in exchange the preferred stock of the defendant corporation, but others refused to do so. Among the latter was the plaintiff's decedent, herein called plaintiff, who held such preferred stock to the par value of $5,600, for which he brought this suit on the contention that it was a liability assumed by the Finance Corporation under the agreement above mentioned. Defendant filed a responsive affidavit of defense and at the trial a verdict was directed for plaintiff, but the court in banc entered judgment for defendant n. o. v. and plaintiff appealed.

The sale of the property of the Acceptance Corporation was by virtue of the statutes of the State of Delaware, section 64a of the General Corporation Laws of that state, providing, inter alia: "Every corporation organized under the provisions of this charter may, at any meeting of its board of directors, sell, lease or exchange all of its property and assets, including its goodwill and its corporate franchises, upon such terms and conditions as its board of directors deem expedient and for the best interests of the corporation, when and as authorized by the affirmative vote of the holders of a majority of the stock issued and outstanding, having voting power given at a stockholders' meeting duly called for that purpose." Furthermore, there was here

neither fraud nor a merger and plaintiff took no steps to prevent or annul the transfer; in fact, he brought this suit to recover under the agreement of sale, which was in effect a ratification of it.

Practically the only question in the case is whether plaintiff's claim as a preferred stockholder was such a liability of the Acceptance Corporation as to be among those assumed by defendant. We agree with the trial court that it was not. The holder of stock, whether common or preferred is not a creditor of the corporation (Warren v. Queen & Co., 240 Pa. 154;. Pardee et al. v. Harwood Electric Co., 262 Pa. 68, 73; Ellsworth v. Lyons, 181 Fed. 55) but a part owner of its property: Sternbergh v. Brock, 225 Pa. 279, 286. "Formerly it was a matter of doubt and discussion whether or not a preferred stockholder had any rights as a creditor of the company or was confined to his rights as a stockholder. The law is now clearly settled that a preferred stockholder is not a corporate creditor": Cook on Corporations (8th ed.) vol. 1, sec. 271; and see Armstrong v. Union Trust & Savings Bank, 248 Fed. 268; also note (p. 254) to Kinston Cotton Mills v. Wochovia Bank & T. Co., 29 A. L. R. 251. The fact that the agreement provides for an exchange of preferred stock for preferred stock shows the parties did not consider such stock in the Acceptance Corporation as a liability assumed by defendant, to be paid in cash. [1] True, plaintiff was not bound to exchange his stock for that of the defendant corporation (Lauman v. Lebanon Valley Railroad Co., 30 Pa. 42, 48; Mason v. Pewabic Mining Co., 133 U. S. 50) but what remedy he had on his refusal to do so, we need not consider.

The cases of Petry et al. v. Harwood Electric Co. (No. 1), 280 Pa. 142 and (No. 2), 280 Pa. 158, were contests between a corporation and its preferred stockholders; other cases cited for plaintiff are generally those of creditors of one corporation seeking relief against an-

other to whom the former had transferred its property, and are not controlling here.

The assignment of error is overruled and the judgment is affirmed.