## Crozer's Estate

*Benjamin H. Ludlow, Eugene P. Balderston, Jr.,* of *Hannum, Hunter, Hannum & Hodge,* and *Schofield Andrews,* of *Ballard, Spahr, Andrews & Ingersoll,* for accountants.

*W. W. Montgomery, Jr.,* and *Robert T. McCracken,* for life tenants.

*Harold L. Ervin,* for guardian ad litem and trustee ad litem.

HANNUM, P. J., June 15, 1936.—The question to be decided is: Are dividends on cumulative preferred stock held in a trust estate and declared out of corporation earnings accruing subsequent to the creation of the trust allocable to principal or to income?

Up until the time of Mr. Crozer's death no dividends had ever been declared on the stock and back dividends aggregated approximately $180 a share. Prior to his death the company had begun operations in some coal properties and had disposed of some timber. Due chiefly to the latter activity the corporate balance sheet showed a surplus as of December, 1926, of $522,739.38 or roughly $45.85 per share.

By Mr. Crozer's will the stock was placed in trust to pay the income to life tenants with an ultimate disposition in remainder. Subsequent to his death the company became very profitable and down to December, 1935, it showed net earnings, after making full allowance for all proper charges, including depletion, of $1,677,257.30. These earnings were chiefly derived from coal royalties and timber sales. From these earnings it paid $99 per share on the principal of the cumulative preferred stock which was reduced to $1 par value. In addition it paid out in 1934 and 1935 $96 on account of accumulated dividends on the preferred stock, leaving a surplus as of December, 1935, of $1,206,317.68. On February 28, 1936, it declared a dividend for the same purpose of $6.

We are concerned solely with the allocation of the $102 per share declared on account of dividends and paid out of earnings which have accrued since the creation of the trust and since the death of John P. Crozer. It is the life tenants' contention that all such dividends on said stock held in Mr. Crozer's trust are allocable to income and presently payable to the life tenants.

Under the law the rights of cumulative preferred stockholders are analogous to the rights of common stockholders. Therefore the cases dealing with the allocation of dividends on common stocks are controlling in the present

situation. All the authorities directly in point have adopted this position and reached the conclusion that dividends on cumulative preferred stock held in trust are properly allocable to income.

The first point to be noted is whether a cumulative preferred stockholder should be regarded in the same light as a common stockholder or whether he should be regarded as a creditor of the corporation.

In Mitchell, Receiver of the Liberty Clay Products Co., 291 Pa. 282, it is said at page 290:

"Preferred stockholders are members of the corporation, not its creditors. 'Formerly it was a matter of doubt and discussion whether or not a preferred stockholder had any rights as a creditor of the company or was confined to his rights as a stockholder. The law is now clearly settled that a preferred stockholder is not a corporate creditor': Cook on Corporations, 8th ed., vol. 1, p. 910, sec. 271. And see Moy, Exrx., v. Colonial Finance Corp., 283 Pa. 323; Ellsworth v. Lyons, 181 Fed. 55."

It cannot be contended that at the time of the creation of this trust the accumulated unpaid dividends represented a chose in action against the corporation and thus constituted a principal item; nor can it be contended in a more limited sense that the accumulated unpaid dividends which might have been paid from surplus at the time of the creation of the trust represent a chose in action. This follows inevitably from the fact that the cumulative preferred stockholder has no vested right in earnings and no right to sue for dividends until they have been declared by appropriate corporate action: See Boston Safe Deposit & Trust Co. v. Adams, et al., 219 Mass. 175.

In McKeown's Estate, 263 Pa. 78, it was held at page 85:

"Usually income is not apportionable, and for that reason if an ordinary dividend is declared after the death of a testator, the whole of that dividend is income. One of the reasons for so holding is that it would be impracticable to determine what part of that dividend was earned dur-

ing the time the testator was alive, and what part of it after he was dead. Profits are not earned de die in diem. The income of to-day may be the result of the labor of a year ago and the labor of to-day may not find its way into income on hand until a year hence. For the same reason if an ordinary dividend is declared after a life estate ceases, it belongs to the remainderman."

The above serves to indicate that the fact that the present stock is cumulative preferred is of minor importance. The allocation of dividends on stock held in a trust is controlled by the same general rules governing the allocation of dividends on common stock. See 12 Fletcher on Private Corporations, §5399, where he says:

"The fact that the dividend is paid on preferred stock makes no difference in the application of the rules, so long as the transaction was in good faith with no intent to take advantage of the owner in remainder."

In A. L. I. Restatement of the Law of Trusts, 710, §236, the rule is set forth as follows:

"Similarly, there is no apportionment of dividends declared on cumulative preferred shares although such dividends are not declared and paid at regular intervals but subsequently accumulated unpaid dividends are declared and paid during the period of the trust.

"Thus, if dividends on cumulative preferred shares have not been paid for some time prior to the creation of the trust and are subsequently declared and paid during the period of the trust whether or not out of earnings accruing prior to the creation of the trust, the dividends so paid are income."

In Thompson v. New York Trust Co., 107 Misc. 245, 177 N. Y. Supp. 299, affirmed without opinion in 191 App. Div. 904, 181 N. Y. Supp. 956, the court was confronted with the problem of allocating dividends on cumulative preferred stock held in trust. The case was a very difficult one because the dividends were paid out of earnings accumulated prior to the creation of the trust. In spite of this, the court held that all such dividends were properly allocable to income.

The Pennsylvania decisions pertaining to the allocation of dividends on common stocks support the same proposition. In the first place, the Pennsylvania cases considering the allocation of common stock dividends are unanimous in announcing that there is a strong presumption that all dividends are allocable to income and payable to the life tenant. The basis for this presumption is founded upon a recognition by the courts of the fact that the normal testator is more interested in providing for his immediate family, such as his wife and children, than for some remote remainderman. This presumption is clearly set forth in Waterhouse's Estate, 308 Pa. 422, at 428 and 429. The reason for the rule is set forth in Opperman's Estate (No. 1), 319 Pa. 455, 459:

"In determining the relative rights of life tenants and remaindermen we will, wherever possible, protect with jealous care the interests of the widow and children who are usually made the primary objects of testator's bounty. No sharp lines should be drawn in protecting those interests, though the testator may, by his will, put it out of the power of courts to promote this just end. But such interdiction must come from and be expressed in clear, positive language."

In Waterhouse's Estate, 308 Pa. 422, where the Pennsylvania authorities are collected and reviewed, the basic rules are set forth as follows: The first rule is that ordinary dividends are allocated to income regardless of whether they represent earnings accumulated before or after testator's death. The second rule is that extraordinary dividends are presumptively allocable to income, with the limitation that the intact value of the stock, i. e., the book value at the time of testator's death, cannot be impaired.

Both of these rules recognize that the life tenant is clearly entitled to all dividends which represent income earned by the corporation during the existence of the trust. The application of the present dividends to income will carry out this fundamental principle, since it is an

admitted fact in the case that the dividends declared on the cumulative preferred stock on account of dividend arrearages represent earnings of the corporation since Mr. Crozer's death. See Dickinson's Estate, 285 Pa. 449.

I therefore hold that the $102 per share which was declared on the cumulative preferred stock held in Mr. Crozer's trust and which represented earnings of the corporation subsequent to his death are income and as such payable entirely to the life tenants.