In the Matter of the Estate of LYNDE PALMER, Deceased.

Surrogate's Court, Clinton County, May 16, 1938.

*George W. Palmer*, for himself and the Guaranty Trust Company of New York, as executors, etc.

*Kenneth H. Holcombe*, special guardian for four infant contingent remaindermen.

HARRINGTON, S. Decedent died on November 19, 1936. His will was admitted to probate by this court on December 7, 1936. At the date of his decease he owned fifty-five shares of United States Steel Corporation seven per cent cumulative preferred stock. It appears that for some years prior thereto said corporation had failed to pay the full amount of the cumulative dividend on such stock. On November 24, 1936, five days after decedent's death, a dividend was declared on account of such cumulative dividends and on December 24, 1936, the sum of $385 was received by the executors for such purpose on the stock owned by decedent's estate, as above mentioned. One-half of decedent's residuary estate was bequeathed and devised to his nephew George W. Palmer. The remaining one-half was placed in trust with the net income thereon directed to be paid to decedent's sister-in-law, Beatrix Bennet Palmer, during her life and upon her decease to his nephew Francis Lynde Stetson Palmer, during his life with the remainder over as therein provided. In this proceeding the executors request this court to instruct them as to the disposition of said sum of $385; that is, whether said sum should be treated as principal or income or prorated in part to both principal and income.

Decedent's will is silent upon the subject of dividends. If we were considering stock dividends, then section 17-a of the Personal Property Law, as amended by chapter 452 of the Laws of 1922, would be applicable. There is no similar statutory provision with respect to cash dividends. In *Matter of Osborne* (209 N. Y. 450 [1913]) the court had under consideration the proper distribution of stock dividends as between the principal of the trust fund and

the life beneficiary. At page 477 of the opinion it gave the rule to be followed in such cases, as follows:

" 1. Ordinary dividends, regardless of the time when the surplus out of which they are payable was accumulated, should be paid to the life beneficiary of the trust.

" 2. Extraordinary dividends, payable from the accumulated earnings of the company, whether payable in cash or stock, belong to the life beneficiary, unless they entrench in whole or in part upon the capital of the trust fund as received from the testator or maker of the trust or invested in the stock, in which case such extraordinary dividends should be returned to the trust fund or apportioned between the trust fund and the life beneficiary in such a way as to preserve the integrity of the trust fund."

Since the above decision, section 17-a of the Personal Property Law, as above mentioned, has been enacted and is now controlling with respect to the distribution of stock dividends. While the decision in the above case had to do solely with the distribution of stock dividends, it is to be noted that the rule given by the court referred to cash dividends as well as stock dividends. Accordingly, counsel for the petitioners herein urges that the rule in that case so far as it relates to cash dividends is *dictum*.

In *Thompson* v. *New York Trust Co.* (107 Misc. 245; affd., without opinion, 191 App. Div. 904) the question for determination was the distribution of certain cash dividends on the preferred stock of Corn Products Refining Company. Such stock was held by the New York Trust Company as trustee under an instrument executed by the plaintiff in and by which the dividends and income thereon were to be paid by the trustee to his wife during her life, and upon her death the stock was to be reassigned to the plaintiff, his personal representatives or assigns. It appears that such dividends were paid out of the surplus which the company had accumulated before the creation of such trust. Plaintiff claimed that such dividends should be paid to him. Judge LEHMAN, now of the Court of Appeals, in sustaining the demurrer to the complaint, cited the rule set forth in *Matter of Osborne* (*supra*) and (at p. 248 of the opinion) stated: " In the present case, the plaintiff when he executed the deed of trust and provided that the dividends should be paid to the life beneficiary, must be presumed to have understood that the preferred stock was entitled to seven per cent *cumulative* dividends per annum and to no other dividends. He knew that any accumulated surplus of the corporation must be used to pay any accumulated unpaid dividends before the common stockholders could obtain any return on their own investment. Under these circumstances I think it is clear that a payment of accumulated

unpaid dividends must be regarded not as an extraordinary dividend but as an ordinary dividend within the plaintiff's contemplation when he created the trust, and that such dividends do not entrench in whole or in part upon the capital of the trust fund as received from the maker of the trust."

In *Matter of Kernochan* (104 N. Y. 618) the executors were directed to receive the rents, interest and income of that part of the estate given to them in trust and apply the same to the use of testator's widow for life with remainder over to the persons designated. Among the questions arising upon the judicial accounting of the executors was the proper application of $121,300, received by them on 5,000 shares of the capital stock of the Panama Railroad Company as a cash dividend of $24.26 per share after testator's death. The executors credited the same to income. The remaindermen contended it should be credited to principal. The court held that these dividends were properly credited by the executors to income and that the life tenant was entitled to them, stating (at pp. 627, 628, 630 of the opinion) as follows:

" The referee made the apportionment in question by ascertaining how much was earned before and how much after the death of the testator, and so doing applied a rule which may be founded on general equity, viz: that when a fund is given for life to one beneficiary, and remainder over, the first shall have its earnings after his life tenancy begins, and the remaindermen the balance. I find nothing in the will which indicates that the testator intended any such investigation or division, or that any other than the ordinary rule, which gives cash dividends declared from accumulated earnings or profits to the life tenant, should be applied. The direction to his executors is to receive the rents, interest and income of his estate, and apply the net amount of such rents or other income (with certain exceptions not now material) to the use of his wife. From the shares in question no income could accrue, no profits arise to the holder until ascertained and declared by the company and allotted to the shareholder, and that act should be deemed to have been in the mind of the testator, and not the earnings or profits as ascertained by a third person, or a court upon an investigation of the business and affairs of the company, either upon an inspection of their books or otherwise. * * *

" Payments in respect of profits accruing and properly divisible as such, are income and belong to the tenant for life, if the sum payable is ascertained and declared after the testator's death. * * *

" I think, therefore, the executors properly carried the whole of this dividend to income, that the referee and surrogate erred in

making an apportionment, and, therefore, that the exception of the life tenant should prevail."

In the instant case decedent's will authorized his executors to retain any of the securities in his estate until in their discretion they deemed it advisable to dispose of the same and to distribute the same in kind in their discretion to the beneficiaries mentioned in the will. Pursuant to such authority, after selling five shares of the stock in question, the remaining fifty shares were distributed equally between George W. Palmer, the beneficiary of one-half of the estate, and the trustees of the trust fund mentioned in the will.

In the absence of any directions in decedent's will in respect thereto, I believe the rule set forth in *Matter of Osborne (supra)* should be adopted by this court as the equitable rule for the distribution of cash dividends in the instant case. I, therefore, hold that one-half of the cash dividends of $385 declared after decedent's death should be paid by the executors herein to George W. Palmer and the remaining one-half to Beatrix Bennet Palmer, the first life beneficiary under the trust fund.

Prepare decree accordingly.