## T. J. WELLS v. R. H. WILSON.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY.

Argued February 24, 1891—Decided March 9, 1891.

Evidence of a promise to make a payment on a note, distinctly identified, and of such a clear and unambiguous acknowledgment of the note as a subsisting obligation, as is consistent with a promise to pay the whole of it, will toll the bar of the statute of limitations.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

Statement of Facts.

No. 196 July Term 1890, Sup. Ct.; court below, No. 136 April Term 1887, C. P.

On January 27, 1887, an appeal by the defendant from the judgment of an alderman, in an action by T. J. Wells against R. H. Wilson, was entered. On the same day, the defendant pleaded non-assumpsit and the statute of limitations.

At the trial on December 2, 1889, the note of the defendant to the plaintiff, dated December 3, 1873, for $81.25, payable three months after date, was proved and put in evidence. The plaintiff then testified that on June 3, 1885, he called on the defendant with the note, when the latter said he had no money with him, but his month's wages would soon be due, and he would then send the plaintiff $25, and he could depend upon it; that in December, 1885, or January, 1886, the plaintiff saw the defendant at his work and had the note with him; that he then asked defendant for payment, if of only a part of it; that the defendant said he could not pay anything then, and arranged to meet the plaintiff at home that evening; that, in the evening, the plaintiff met the defendant at the latter's house, in the presence of his wife, when a renewal of the note was drawn which the defendant agreed to sign, but his wife interfered and prevented him from signing it; that, in November, 1886, he again saw the defendant, when the latter again promised to pay some money on the note. Statements made by the defendant, in his testimony at the hearing before the alderman, were narrated in evidence.

The defendant testified in his own behalf that in the interviews referred to by the plaintiff, he had promised to pay the note if he could. Referring to the time when the renewal was desired, the defendant testified: He "wanted me to give him a new one, and I told him, no; that the old one was just as good, probably, as a new one; he wanted me to pay a dollar on it; I told him no, I couldn't do that. Of course, I told him, as he said, if I got so I could send him up some I would do it, but I wasn't so I could." On cross-examination, he testified: "Q. When he saw you in June, 1885, he had this note with him? A. That was at the house. Q. You admitted owing the note, did you? A. Why, certainly, I admitted owing the note. Q. And you did owe it? A. I did owe it. Q. You

Arguments.

was about to renew it on the back of it weren't you? A. No, sir. Q. You promised at that time, you would pay the note as soon as you could, did you? A. Yes, sir. Q. Did you fix a time when you would pay some money? A. No, no permanent time, only I told him, as he said, if I got so I could, I thought I would do it. Q. You raised no question about the payment of it, until it was sued, did you? A. No, I never kicked against the note."

At the close of the testimony, the court, SITTSER, P. J., charged the jury in part as follows:

If you find that the defendant has not unequivocally acknowledged the existence of this indebtedness after the lapse of six years, nor had any of these conversations in 1885 or 1886, and has not unequivocally promised to pay it, then your verdict should be for the defendant. If, however, you find that he has acknowledged the note as a valid obligation, within six years from the time of bringing this suit, and the promise [acknowledgment?] was made under such circumstances and with such language as to be fairly consistent with a promise to pay it, that would be sufficient to justify you in rendering a verdict for the plaintiff for the whole amount. . . . .

—The jury returned a verdict in favor of the plaintiff for $159.25. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, specifying that the court "erred in submitting the question of the alleged acknowledgment and promise to pay to the jury, as there was not sufficient evidence to toll the statute of limitations."

*Mr. J. M. C. Ranck*, for the appellant.

Counsel Cited: Kensington Bank v. Patton, 14 Pa. 479; Huff v. Richardson, 19 Pa. 388; Morgan v. Walton, 4 Pa. 321; Emerson v. Miller, 27 Pa. 278; Weaver v. Weaver, 54 Pa. 152; McClelland v. West, 59 Pa. 487; Chapman's App., 122 Pa. 331; Macrum v. Marshall, 129 Pa. 506; Miller v. Baschore, 83 Pa. 356; Landis v. Roth, 109 Pa. 624; Burr v. Burr, 26 Pa. 284; Lawson v. McCartney, 104 Pa. 356.

*Mr. W. W. Watson* (with him *Mr. W. S. Diehl*), for the appellee.

Counsel cited: Landis v. Roth, 109 Pa. 624.

PER CURIAM:

We think the evidence was sufficient to take the note in suit out of the statute. That there was a distinct identification of the debt, and that it was still due and unpaid, appears from the testimony of the defendant himself, and if the plaintiff is believed, there was a promise to pay it. In any event, there was such a clear and unambiguous acknowledgment of the note, as a subsisting obligation, as is consistent with a promise to pay. This, under the authorities, is sufficient: Landis v. Roth, 109 Pa. 624.

Judgment affirmed.