## Levison, Appellant, v. Blumenthal.

*Judgment—Judgment of another state—Constitution of the United States, art. IV, sec. 1—Res adjudicata.*

Article IV, sec. 1 of the Constitution of the United States which provides that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, implies that the public act of every state shall be given the same effect by the courts of another state that they have by law and usage at home.

A judgment obtained in one state cannot be retried upon the merits in an action thereon in the courts of another state, if rendered by a court having jurisdiction of the cause and of the parties.

When a court has jurisdiction it has a right to decide every question which occurs in the cause, and, whether its decision be correct or not, its judgment until reversed is regarded as binding in every other court.

In an action upon a judgment obtained in a court of record in New York, the defendant denied liability for the reason that a prior suit had been brought in Pennsylvania by the same plaintiffs for the same cause of action in which there had been a judgment in favor of defendant for costs. It appeared that in the New York suit the defendant was regularly summoned and appeared and made defense. In that suit the defendant offered in evidence the record of the prior Pennsylvania suit showing that the judgment for defendants for costs was on report of a referee, which showed that the plaintiffs did not appear, and that there had been no trial on the merits before him. *Held*, (1) that the defendant could not impeach the New York judgment; (2) that if any error had been committed in the New York suit, the defendant's remedy was by appeal; (3) that it was error on the part of the court in the suit brought upon the New York judgment to instruct the jury that the plaintiffs were not entitled to recover.

*Res adjudicata—Trial on the merits—Former recovery.*

It is only when the merits have been passed upon, or, from the course, pleadings and trial they might have been passed upon, that a judgment sustains a plea of former recovery and bars a subsequent suit.

Argued Jan. 18, 1904. Appeal, No. 70, Jan. T., 1904, by plaintiffs, from judgment of C. P. Luzerne Co., Dec. T., 1898, No. 389, on verdict for defendant in case of Isidor Levison and Louis Hirsch v. Charles A. Blumenthal. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on a foreign judgment. Before WHEATON, J.

At the trial it appeared that the plaintiffs brought a suit in 1888 against the defendant to recover for goods sold and delivered. By agreement this suit was referred to James L.

Lenahan, Esq., as referee. Neither plaintiffs nor their counsel appeared before the referee, and there was no trial upon the merits. The referee entered judgment for defendant for costs. In 1895 the plaintiffs brought an action in the city court of the city of New York on the same cause of action. The defendant was summoned and appeared and defended. He introduced in evidence the record of the suit previously brought in Pennsylvania. In 1898 the New York court entered judgment for plaintiffs for $204.14. The present action was brought upon this judgment.

The court charged in part as follows :

Mr. Blumenthal, as appears in the testimony offered by the plaintiffs themselves in this case, set up as a defense down in New York city in the court there trying this cause of action, if you shall believe it to be the same cause of action, the defense that he had been sued up here for this same thing by the same people, and that the judgment of a court of competent jurisdiction had been rendered in his favor up here. [But the judge of the city court before whom the case was heard there paid no attention to that, and directed that a judgment be entered there, which was done, as the transcript or exemplification of the record shows.] [5] [Two judges of this court have already held that that action on the part of the court in New York city was in plain violation of article IV, section 1, of the constitution of the United States, and of the act of congress of May 26, 1790.] [6] Two judges of this court have already said that the judge in New York city, who directed the entry of the judgment upon which the suit heard before you is being tried after it had been made to appear before him that [the same matter had been tried out here and a judgment rendered in favor of Mr. Blumenthal, the defendant,] [7] no longer had any jurisdiction of the subject-matter, and therefore that the entry of judgment there upon which this suit is founded was absolutely null and void, and of no effect. I hold as the two judges before me in this county have held (Judge WOODWARD and Judge FERRIS), that that is correct, and that [the judgment which is before you here and upon which suit has been brought in this court now, is void for want of jurisdiction in the New York city

court, and that therefore your verdict should be for the defendant in this case.] [8]    The plaintiffs have asked me to charge you upon a written point, as follows, to wit:

1. This suit being on a judgment duly entered in the city court of the city of New York, a duly authenticated copy of which has been presented in evidence in this case, and there being no evidence whatever of either want of jurisdiction in said court, or of satisfaction of said judgment, the verdict of the jury should be for the plaintiffs for the amount of said judgment, with interest, to wit: $267.93.    I decline to affirm that point, and say to you that under the evidence in this case I hold as matter of law that the city court of the city of New York had no jurisdiction to enter this judgment upon which suit is brought. [9]

Verdict and judgment for defendant.    Plaintiffs appealed.

*Errors assigned* among others were (5–9) above instructions, quoting them.

A. *Ricketts*, with him A. A. *Chase*, for appellants.—The judgment of the New York court was final: Mills v. Duryee, 11 U. S. 481; Hampton v. McConnel, 16 U. S. 234; Hanley v. Donoghue, 116 U. S. 1 (6 Sup. Ct. Rep. 242); Maxwell v. Stewart, 88 U. S. 71.

In the second place, the conclusiveness of a judgment, as to all matters involved in the suit in which the judgment was entered, is so well settled that we content ourselves with merely citing a few of the decisions: Dowling v. McGregor, 91 Pa. 410, and the cases therein cited; Myers v. Kingston Coal Co., 126 Pa. 582; Thompson v. Tolmie et al., 27 U. S. 157, 163; Otterson v. Middleton, 102 Pa. 78.

In the third place, the decisions of our state Supreme Court are in direct accord with the above noted decisions of the United States Supreme Court: Benton v. Burgot, 10 S. & R. 240; Baxley v. Linah, 16 Pa. 241; Wetherill v. Stillman, 65 Pa. 105; Guthrie v. Lowry, 84 Pa. 533; Mink v. Shaffer, 124 Pa. 280; Potter v. Hartnett, 148 Pa. 15; Hughes v. Schreiner, 202 Pa. 488.

Such a judgment as that in this case is very evidently no more than a nonsuit, and not being an adjudication upon the merits is not a bar to a subsequent action: Carmony v.

Hoober, 5 Pa. 305 ; Gilman v. Rives, 35 U. S. 298 ; Smith v. Neal, 109 U. S. 426 (3 Sup. Ct. Rep. 319).

*John T. Lenahan*, for appellee.—The judgment in the suit before the referee was final : McDermott v. U. S. Ins. Co., 3 S. & R. 604 ; Dixon v. Sinclear, 4 Vt. 354 ; Follansbee v. Walker, 74 Pa. 306 ; Kapp v. Shields, 17 Pa. Superior Ct. 524 ; Greene v. Greene, 68 Mass. 362.

OPINION BY HENDERSON, J., March 14, 1904 :

The plaintiffs' action was based upon a judgment obtained in a court of record in the city of New York. The defendant denied liability in the court below for the reason that a prior suit was brought by the same plaintiffs for the same cause of action in Luzerne county, Pennsylvania, in which there had been a judgment in favor of the defendant for costs. The court below instructed the jury that the plaintiffs were not entitled to recover. The material question in the case is raised by the tenth assignment of error, involving the refusal of the court to affirm the plaintiffs' first point.

Section 1 of article IV of the constitution of the United States provides that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, and congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." An act of congress approved May 26, 1790, prescribes the manner of authentication of the records of courts and declares : "The said records and judicial proceedings as authenticated shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken." The provision of the constitution above quoted, and of the act of congress referred to came up for consideration by the Supreme Court of the United States in Mills v. Duryee, 11 U. S. 481, where it was held, "the act declares that the record duly authenticated shall have faith and credit as it has in the state court from which it is taken. If in such court it has the faith and credit of evidence of the highest nature, viz.: record evidence, it must have the same faith and credit in every other court. Congress have, therefore, declared the effect of the record by declaring what faith and

credit shall be given to it." The subject was again considered in Hampton v. McConnel, 16 U. S. 234, in which the decision in Mills v. Duryee was reviewed by Chief Justice MARSHALL, who reaffirmed the doctrine of that case and held that " whatever pleas would be good to a suit thereon (the record) in such state, and none other could be pleaded in any other court in the United States." The same court said in Chicago & Alton R. R. Co. v. Wiggins Ferry Co., 119 U. S. 615 (7 Sup. Ct. Rep. 398), " without doubt the constitutional requirement, article 4, section 1, that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, implies that the public acts of every state shall be given the same effect by the courts of another state that they have by law and usage at home. This is clearly the logical result of the principles announced as early as 1813 in Mills v. Duryee, 11 U. S. 481, and steadily adhered to ever since." The proceedings of a court of record import absolute verity, and the record itself or a copy properly certified is conclusive, and no plea or proof to the contrary is admissible: Hoffman v. Coster, 2 Whart. 453; Otterson v. Middleton, 102 Pa. 78. The duly authenticated record of the proceedings of a court of record proves itself, and the jurisdiction of the court is presumed if it appear from the record that the court is one of general jurisdiction. A judgment obtained in one state cannot be retried upon the merits in an action thereon in the courts of another state if rendered by a court having jurisdiction of the cause and of the parties: Maxwell v. Stewart, 88 U. S. 71; Hanley v. Donoghue, 116 U. S. 1 (6 Sup. Ct. Rep. 242). "When a court has jurisdiction, it has a right to decide every question which occurs in the cause, and, whether its decision be correct or otherwise, its judgment until reversed is regarded as binding in every other court:" Elliott v. Piersol, 26 U. S. 328; Guthrie v. Lowry, 84 Pa. 533.

The plaintiffs' action in the city of New York was founded upon a book account for goods sold and delivered the defendant. The defendant was regularly summoned and appeared and made defense. No question was there presented as to the jurisdiction of the court or the regularity of the proceeding. The defendant, however, offered in evidence at the trial of that case the record of the case in Lackawanna county, Pennsylvania, as

entered in the court of common pleas on the report of a referee appointed under the act of 1869. This defense was evidently set up in a bar of the right of the plaintiffs to recover. Whether the record of the case in Pennsylvania was properly authenticated as required by the act of congress, or, whether it was adjudged by the New York court that the proceeding in Pennsylvania was not a trial upon the merits, and was in legal effect a judgment of nonsuit and therefore not a bar to the action in New York, we are not informed. It is clear, however, that the New York court had jurisdiction to hear and determine the claim of the plaintiffs, that the defendant was indebted to them on a book account, and that it had jurisdiction of the person of the defendant. Having jurisdiction therefore of the person and the subject, the judgment of that court was conclusive, and, if any error were committed, the remedy of the defendant was to appeal. He cannot by parol evidence impeach such a judgment in a collateral proceeding in another state. Nor are we satisfied that the defense was available as a bar to the plaintiffs' action in the state of New York. It appears from the report of the referee that there was not a trial of the case upon its merits; that no evidence was offered, and that the plaintiff did not appear. Judgment was therefore entered for the defendant for costs. It is a rule of the common law that no verdict can be given unless the plaintiff by himself or attorney appear in court. This has been the rule in Pennsylvania except as modified by statute, the practice being to call the plaintiff, and, upon his failure to answer in person or by attorney, the court directs a nonsuit, and this is the practice under the act of 1814 up to the time when "the jury shall be ready to give in their verdict:" McCredy v. Fey, 7 Watts, 496. The judgment entered on the report of the referee was final and conclusive, but only as to the defendant's right to recover costs. Nothing else was adjudicated, for no case was presented to the referee for consideration. "It is only when the merits have been passed upon, or, from the course of pleadings and trial they might have been passed upon, that a judgment sustains a plea of former recovery and bars a subsequent suit."

The plaintiffs were entitled to an affirmance of their point. The judgment is therefore reversed and a venire facias de novo awarded.