## C. Kenyon Company *v.* Sutton, Appellant.

*Contract—Purchase of stock of goods—Agreement to pay debts—Statute of frauds—Act of April 26, 1855, P. L. 308.*

1. When one buys out the stock of a tradesman and agrees, as the consideration for the purchase, to take the place, fill the contracts, and pay the debts of the vendor, a creditor of the vendor has a right of action to compel payment in accordance with the terms of the agreement; in such a case the Act of April 26, 1855, P. L. 308, requiring an agreement to answer for the debt or default of another to be in writing, has no application.

2. In an action by a creditor of a corporation against the president of the corporation to compel him individually to pay the debts of the company, the case is for the jury, and a verdict and judgment for plaintiff will be sustained where the testimony of two witnesses for the plaintiff although contradicted, tends to show declarations by the defendant to the effect that he had bought the whole stock of goods of the company in consideration of an agreement on his part to pay all of the company's debts.

Argued April 9, 1912. Appeal, No. 65, April T., 1912, by defendant, from judgment of C. P. Crawford Co., Sept. T., 1910, No. 74, on verdict for plaintiff in case of C. Kenyon Company v. F. A. Sutton. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover the debt of C. A. Brown & Co., alleged to have been assumed by the defendant. Before PRATHER, P. J.

The facts are stated in the opinion of the Superior Court.

The plaintiff presented this point:

That if the defendant purchased the stock of goods, wares, merchandise, book accounts, bills receivable, fixtures, etc., of C. A. Brown & Company, and in consideration for such purchase, agreed and assumed to pay all the debts and liabilities of the said C. A. Brown & Company, and at the time of said purchase C. A. Brown & Company was indebted to the plaintiff and said indebtedness, so due the plaintiff, remains unpaid, the plaintiff is entitled to a verdict for the amount so unpaid. *Answer:* This point is affirmed. As we have already instructed you, if you find for the plaintiff under these instructions, you will find for $362, with interest from January 1.

Verdict and judgment for plaintiff for $388.76. Defendant appealed.

*Error assigned* among others was above instruction.

*F. J. Thomas,* of *Thomas & Thomas,* for appellant.— Where the promise to pay the debt of another is made subsequent to the time when the debt is created, there must be a consideration therefor, whether the promise be in writing or not, and such consideration must be something more than the mere fact of the liability of the original debtor: Hess' Estate, 150 Pa. 346; Alcorn v. Christian, 4 Pa. Superior Ct. 594; Moore v. Eisaman, 201 Pa. 190; Mallory v. Gillett, 21 N. Y. 412; Leonard v. Vredenburg, 8 Johnson (N. Y.), 29.

Certainly there is nothing here to bind defendant for the payment of this claim. The promises or statements were not in writing and were not pretended to have been made for any consideration whatever, and were not an absolute and unconditional promise to pay.

*Manley O. Brown,* with him *John O. McClintock,* for appellee.—If the defendant, in consideration of the transfer to him of the debtor company's stock of goods, agreed to pay the outstanding debts of the said company, he became liable to the creditors of said company and might be sued as though he were the original debtor: Hind v. Holdship, 2 Watts, 104; Blymire v. Boistle, 6 Watts, 182; Torrens v. Campbell, 74 Pa. 470; Delp v. Brewing Co., 123 Pa. 42; Stoudt v. Hine, 45 Pa. 30; Clymer v. De-Young, 54 Pa. 118; Wynn v. Wood, 97 Pa. 216; Dreer v. Penna. Co. for Ins. on Lives & Granting Annuities, 108 Pa. 226; Bellas v. Fagely, 19 Pa. 273.

OPINION BY PORTER, J., July 18, 1912:

The plaintiff company in this action alleged and produced at the trial evidence tending to establish that C. A. Brown & Co., a corporation engaged in the dry-goods business at Meadville, Pennsylvania, had become indebted to plaintiff for goods sold and delivered and being so indebted had sold and delivered to the defendant the entire stock of goods, store fixtures, book accounts, bills receivable and all the assets of said corporation, and that the defendant, as the consideration to be paid for said property, did assume and agree to pay all the then existing outstanding debts of the said C. A. Brown & Co. The plaintiff recovered a judgment in the court below and the defendant appeals.

The first specification of error relates to the affirmance by the court below of a point submitted by the plaintiff, viz.: "That if the defendant purchased the stock of goods, wares, merchandise, book accounts, bills receivable, fixtures, etc., of C. A. Brown & Co., and in consideration for such purchase, agreed and assumed to pay all the debts and liabilities of the said C. A. Brown & Co.; and at the time of said purchase C. A. Brown & Co. were indebted to the plaintiff and said indebtedness, so due the plaintiff, remains unpaid, the plaintiff is entitled to a verdict for the amount so unpaid." When one buys out

the stock of a tradesman and agrees, as the consideration for the purchase, to take the place, fill the contracts, and pay the debts of the vendor, a creditor of the vendor has a right of action to compel payment in accordance with the terms of the agreement; in such a case the Act of April 26, 1855, P. L. 308, requiring an agreement to answer for the debt or default of another to be in writing, has no application: Adams v. Kuehn, 119 Pa. 76; Delp v. Brewing Company, 123 Pa. 42. The appellant does not question the correctness of the proposition of law involved in this point, but asserts that the evidence was insufficient to warrant the submission to the jury of the existence of the facts, upon which alone the law as stated could become applicable. The contention of the defendant is that there was not sufficient evidence to warrant a finding by the jury that he had, at the time he acquired all the property of C. A. Brown & Co., agreed to pay, as consideration for the property so acquired, all the debts of that corporation.

When considering whether there is in any case sufficient evidence to warrant the finding by the jury of a controlling fact, it is proper to consider not only the conflicting evidence, but the facts which are upon all hands admitted to be true must also be given due weight. This defendant was the president of and a large stockholder in the corporation (C. A. Brown & Co.), which was indebted to this plaintiff and others for goods bought to carry on its business. He did buy from the corporation (of which he was president), its entire stock of goods, book accounts, bills receivable and other assets; he did not pay, nor did he agree to pay, directly to the corporation any consideration for this property, and the only consideration for the transfer of the property was the agreement of the defendant to pay creditors of the corporation. The only controverted fact in the testimony was whether the defendant had agreed to pay all the debts of the corporation, or only a limited amount. The plaintiff called one witness, who was corroborated by a second, who testified, in reply

to an interrogatory as to what Sutton (this defendant) had said to him relative to the transfer of the stock of merchandise of C. A. Brown & Co. to him and what property had been transferred and what was the consideration for the transfer, that the defendant had said that all the property of C. A. Brown & Co. had been transferred to him and that he had assumed all the liabilities of C. A. Brown & Co. The agreement between the defendants and C. A. Brown & Co. was not in writing, and the declarations of this defendant were certainly evidence, as against him, as to what he had undertaken to pay for the property he acquired under that agreement. If the testimony of these two witnesses on behalf of the plaintiff was believed by the jury, it warranted a finding that the defendant had agreed, as the consideration for the property acquired, to pay all the debts of the corporation. The defendant testified that he had not made the declarations attributed to him by those two witnesses and thus raised a question of veracity which it was within the province of the jury to decide. The defendant testified that his agreement with the corporation, when he acquired the property, was to pay eighty per cent of the inventory value of the goods, which amounted to about $35,000; that none of the consideration money was to be paid directly to the corporation; that all of it was to be paid to the creditors of the corporation; that nothing was said about what creditors he was to pay or whether he had the right to elect among creditors; and that he had in fact paid to sundry creditors between $60,000 and $70,000. There was thus presented a conflict of evidence as to whether the defendant had agreed, as the consideration for the property, to pay all the debts of the corporation or to pay only about $35,000 of those debts. It was proper for the jury in ascertaining the truth, under this conflicting testimony, as to what debts the defendant had undertaken to pay, to consider what he had really done, that while asserting that he had only agreed to pay about $35,000 he had voluntarily made payments greatly in excess of that amount: Delp

v. Brewing Company, 123 Pa. 42. This case was for the jury and all the specifications of error are over-ruled.

The judgment is affirmed.

HENDERSON, J., dissents.