## Mitchell, Receiver of the Liberty Clay Products Co.

*Judgments — Foreign judgments — Conflict of laws — Constitutional law—Full faith and credit—Receivers—Foreign corporations—Domestic creditors—Statute of limitations—Agreement to renew—Agreement to pay debts of another company.*

1. A state court has jurisdiction of the claim of a lcoal creditor against a local corporation and its receiver, and judgment entered thereon in due course has the same force in a sister state that it has in the state where rendered.

2. The statute of limitations cannot be set up against the claim represented by such judgment where such claim was not barred by the laws of the state where the judgment was rendered.

3. An express agreement to renew a debt barred by the statute will, in Pennsylvania, renew the debt for six years.

4. Where a party admits of record the existence of a debt, he cannot thereafter assert that it is barred by the statute.

5. Where, in a proceeding for the appointment of a receiver for a corporation, the defendant in its answer acknowledges the existence of a debt and consents to the receivership, such action is consistent with a promise to pay the debt.

6. Where the assets of a foreign corporation in the possession of a receiver in Pennsylvania are claimed by a foreign receiver, the right of domestic creditors not being involved, the court will remit such assets to the foreign receiver for distribution.

7. Resident members of a foreign corporation are not domestic creditors; they claim under the corporation and not against it.

8. Preferred stockholders are members of the corporation, and not its creditors; and, although resident in Pennsylvania, they cannot appropriate corporate property of a foreign corporation in Pennsylvania as against the rights of creditors of the corporation's domicile.

9. An agreement by a corporation to pay all the debts of another corporation, cannot be disputed by preferred stockholders of the former company where such agreement was of record before the preferred stock was issued.

10. Where a corporation takes over all the property of another corporation and agrees to pay its debts, a creditor of the latter company may bring suit directly against the former.

*Receivers—Costs—Counsel fee—Discretion of court—Appeals.*

11. It is the province of the court appointing a receiver to fix his fees and those of his counsel, and an appellate court will interfere therewith only to correct an abuse of discretion.

Argued October 4, 1927.    Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 145, March T., 1927, by James N. Fullerton et al., from decree of C. P. Lawrence Co., March T., 1925, No. 1, dismissing exceptions to findings, in case of Osborne Mitchell, Receiver of the Liberty Clay Products Co.  Affirmed.

Bill for receivership.  Exceptions to findings of fact and conclusions of law.  Before HILDEBRAND, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed.    James N. Fullerton et al., preferred stockholders, purchasers of the property, appealed.

*Error assigned,* inter alia, was decree, quoting record.

C. H. Akens, for appellants.—A judgment of a proper court, being a sentence or conclusion of the law, upon the facts contained within the record, puts an end to all further litigation on account of the same subject-matter, and becomes the law of the case, which cannot be changed or altered, even by the consent of the parties, and is not only binding on them, but on the courts and juries, ever afterwards, as long as it shall remain in force and unreversed: Bell v. Allegheny Co., 184 Pa. 296; Wickersham v. Savage, 58 Pa. 365; Reading Iron Works' Est., 149 Pa. 182.

Consent was not obtained from the court below for permission to institute proceeding against its receiver in the Court of Common Pleas of Mahoning County, Ohio, for any purpose.  Failure to obtain leave to sue is a jurisdictional fact: Wiswall v. Sampson, 14 How. (U. S.) 52; Barton v. Barbour, 104 U. S. 126; Reynolds v. Stockton, 140 U. S. 254.

The court below awarded land in this State to appellants who gave bond to secure payment of debts and liabilities, including expenses of receivership in Ohio, directed receiver to file his account and all claims to be

presented to the court for adjudication. The claims in dispute were presented and the court of Mahoning County, Ohio, had no jurisdiction to declare amount or decree payment of any of them: Booker v. Ennis, 86 Pa. Superior Ct. 145, 510-1; Sterrett v. Bank, 248 U. S. 73.

The limitation of actions is governed by the lex fori and is regulated by the legislation of the state in which the action is brought, notwithstanding the fact that the legislation or the judicial construction is different from that prevailing in other jurisdictions: Newton's Est., 46 Pa. Superior Ct. 40; Campbell v. Holt, 115 U. S. 620, 483; Pittsburgh, etc., R. R. v. Byers, 32 Pa. 22.

*W. Walter Braham,* with him *Robert K. Aiken,* for appellee.—The ordinary and natural procedure for the court having jurisdiction of the ancillary receiver would have been to direct the payment of Pennsylvania creditors and the remission of the balance of the fund to the domiciliary receiver for distribution: Moy v. Finance Corp., 283 Pa. 323.

There are several Pennsylvania cases which are of assistance in indicating the length to which the courts of a particular state will go in applying the rule of comity as to the appointment of receivers: Frowert v. Blank, 205 Pa. 299; Smith v. Machinery Co., 83 Pa. Superior Ct. 143; Solis v. Blank, 199 Pa. 600; Jagode v. Smalley, 10 Pa. Superior Ct. 320; Bagby v. R. R., 86 Pa. 291.

The judgment of the Court of Common Pleas of Mahoning County, Ohio, liquidates the claim of the State of Ohio as one of the debts of the Liberty Clay Products Co. and is a judgment entitled to full faith and credit under the federal Constitution: French v. Harding, 235 Pa. 79; Hancock National Bank v. Farnum, 176 U. S. 640; Mutual Fire Ins. Co. v. Furniture Co., 108 Michigan 34; Glenn v. Liggett, 135 U. S. 533; Hawkins v. Glenn, 131 U. S. 319.

The trial court's finding that the amount found due by the Ohio court is a just debt of Liberty Clay Products Company is conclusive upon appellants: Himrod v. McFayden, 283 Pa. 103; Glenn v. Trees, 276 Pa. 165, 167; Atlas Portland Cement Co. v. Brick & Clay Co., 280 Pa. 449, 453.

The claim of the State of Ohio is not barred by the statute of limitations: Delp v. Brewing Co., 123 Pa. 42; Cox v. Pottery Co., 214 Pa. 373.

Where a new corporation takes over the property and in consideration thereof agrees to pay the indebtedness of an old corporation, the statute of limitations runs against the promise to assume and pay the debts: Bates v. Cullum, 177 Pa. 633; Mister v. Burkholder, 56 Pa. Superior Ct. 517.

The preferred stockholders have no standing to attack the contract by which the Liberty Clay Products Company assumed the debts of the Youngstown Clay Products Company: Ashhurst's App., 60 Pa. 290; Watt's App., 78 Pa. 370; Beltz v. Garrison, 254 Pa. 145; Bell's Gap R. R. v. Christy, 79 Pa. 54; Girard v. Cutlery Co., 225 Pa. 327.

The claimant, the State of Ohio, is entitled to interest on its claim up until the date of actual payment: Bachdell's App., 56 Pa. 386; Siter's App., 26 Pa. 178; Strohecker v. Bank, 6 Watts 96; Brownsville D. & D. Bank's App., 96 Pa. 347; Yeatman's App., 102 Pa. 297.

OPINION BY MR. JUSTICE WALLING, November 28, 1927:

The Liberty Clay Products Company, defendant, an Ohio corporation, was duly chartered in April, 1919, with principal office at Youngstown. In May, 1919, it purchased and took over all the property and assets of three several corporations, to-wit, the Youngstown Clay Products Company, the Carbon Brick Company and the Castle Clay Company; the two former being Ohio and the latter a Pennsylvania corporation. The consideration in each case being the payment of all the

debts and liabilities of the respective company and six hundred shares of the common stock of the Liberty Clay Products Company. The only one involved in this appeal is the Youngstown Clay Products Company, which attached to its transfer an itemized schedule of its liabilities, including $24,000 to the Struthers Savings & Banking Company,—represented by several promissory notes. The contract for the purchase of the property and assumption of the liabilities was expressed in writing enacted by the directors and approved by the stockholders of the Liberty Clay Products Company. Thereafter the last named company provided for an issue of preferred stock and, beginning about June, 1919, sold the same to the par value of $183,000, to diverse parties re siding in Pennsylvania and Ohio. This stock was given a preference over the common stock as to both income and assets; but their right to participate in the management of the company's business arose only when default was made in payment of interest on their stock. While the Youngstown Clay Products Company was an Ohio corporation, its property with its business was largely in Lawrence County, Pennsylvania, where its principal asset, the Volant plant was located. The venture proved unprofitable and in 1920, and for each subsequent year, default was made in payment of interest on the preferred stock. In 1920 the Struthers Savings & Banking Company became insolvent and was taken over by the State of Ohio, in which it was located. The $24,000 assumed indebtedness to the bank, with a large accumulation of interest, being unpaid, on December 2, 1924, the Court of Common Pleas of Mahoning County, where defendant's principal office was located, at the instance of the superintendent of banks of Ohio, appointed Osborne Mitchell, Esq., receiver of the Liberty Clay Products Company. On the next day the Court of Common Pleas of Lawrence County appointed P. A. Kanengeiser as ancillary receiver in Pennsylvania. The application for a receiver set out the $24,000 indebtedness and ac-

crued interest, which defendant's answer admitted. This, at least so far as concerned the appointment of the receivers, was ratified at a stockholders' meeting held December 12, 1924. By leave of court the receivers operated the plant for some six months at a considerable profit, but in the early summer of 1925 a responsible party made an offer of $50,000 for the Volant plant, which the Pennsylvania receiver petitioned the Lawrence County court for leave to accept. Pending this proceeding, certain of the preferred stockholders, acting for themselves and others, asked the court for leave to take over the property of the Liberty Clay Products Company in consideration of paying its debts and liabilities. Upon due consideration, this was granted and the property turned over to a trustee for the preferred stockholders; they giving bond to pay therefor $60,000, or so much thereof as might be necessary to liquidate the indebtedness. Of this sum $20,000 was paid. Thereafter the matter of adjusting the indebtedness was brought before the Lawrence County court and from its final decree, allowing, inter alia, the said claim of the State of Ohio, this appeal was taken on behalf of the preferred stockholders.

Notwithstanding the very exhaustive presentation of the case on behalf of appellants we find nothing in the record calling for a reversal. In the spring of 1926, at the instance of the Ohio banking commissioner and upon due notice to the Ohio receiver and to the defendant, the Court of Common Pleas of Mahoning County passed upon and adjusted that state's claim and entered judgment for the full amount, debt and interest. That is a court of general jurisdiction and from the judgment entered no appeal was taken. An exemplification of the record, duly certified according to the Act of Congress, was presented during the hearing in Lawrence County. The court there, however, did not treat it as conclusive, but went into a painstaking investigation and found as a matter of law and fact that the en-

tire claim of the State of Ohio, debt and interest, was an existing legal obligation and decreed accordingly. The defendant being in the court of its domicile where its indebtedness might properly be adjusted, the Lawrence County court might well have rested its adjudication upon the full faith and credit clause of the federal Constitution. Of course, the questions of the court's jurisdiction and as to payment of the judgment are always open, but they are not contested here, and beyond these questions the courts of another state will not go: Tilt v. Kelsey, 207 U. S. 43; Thormann v. Frame, 176 U. S. 350; Hancock National Bank v. Farnum, 176 U. S. 640; Carpenter v. Strange, 141 U. S. 87, 101; Glenn v. Liggett, 135 U. S. 533; Hunt v. Snyder, 261 Pa. 257; Stilwell v. Smith, 219 Pa. 36, 41; Hughes v. Schreiner, 202 Pa. 488; Price v. Schaeffer, 161 Pa. 530; Guthrie v. Lowry, 84 Pa. 533; Levison v. Blumenthal, 25 Pa. Superior Ct. 55. A state court has jurisdiction of the claim of a local creditor against a local corporation and its receiver, and judgment entered thereon in due course is not open to attack in another state. See Bissell v. Briggs, 9 Mass. 462, 6 Am. Dec. 88. A judgment has the same force in a sister state that it has in the state where rendered: Armstrong v. Carson's Executors, 2 Dallas 302.

Practically the only defense urged to the claim of the State of Ohio was the statute of limitations. That could not have been interposed in Ohio, for the limitation there is fifteen years, as to notes and such contract in writing as defendant gave when acquiring the property of the Youngstown Clay Products Company.

Furthermore, ignoring the Ohio judgment, the claim was not barred under our own statute, for defendant's express written agreement of 1919 to pay this indebtedness would renew it for six years. Meantime, defendant's answer of December, 1924, to the application for a receiver, admitted this indebtedness as an existing liability, and, to facilitate its payment, joined in the appli-

cation for a receiver. This admission of record was entirely consistent with and in fact was an implied promise to pay and effective as a renewal. An acknowledgment of the specific indebtedness, consistent with a promise to pay it, operates as a renewal (Maniatakis's Est., 258 Pa. 11; Wells v. Wilson, 140 Pa. 645; Shaeffer v. Hoffman et al., 113 Pa. 1; Palmer v. Gillespie, 95 Pa. 340; Hazlett v. Stillwagon, 23 Pa. Superior Ct. 114), for a promise to pay will be implied therefrom. An acknowledgment which shows an intent to pay is sufficient: Senseman v. Hershman, 82 Pa. 83. This large indebtedness, amounting with interest to over $30,000, was the basis for appointment of the receiver and defendant's admission of its validity and consenting to the receivership was consistent with a promise to pay. This answer still stands unchallenged upon the record. Again, the conduct of the preferred stockholders on taking over the property disclosed an understanding that this debt was a liability, otherwise an agreement to pay $30,000, in place of the $60,000, would have been ample. Had the sale of the Volant plant for the $50,000 been consummated, the proceeds would have been distributable here for the protection of local creditors (Frowert v. Blank, 205 Pa. 299; Smith v. Electric Machinery Co., 83 Pa. Superior Ct. 143; 13 Am. & Eng. Enc. of Law, (2d ed.) 912; 23 R. C. L. p. 148; Thompson on Corporations, vol. 6, sec. 7338), and the balance, less expenses of the ancillary receivership, would properly have been remitted to the Ohio receiver. "Where the assets of a foreign corporation, in the possession of a receiver here, are claimed by the foreign receiver, the right of domestic creditors not being involved, the court will remit such assets to the foreign receiver for distribution. Resident members of a foreign corporation are not domestic creditors. They claim under the corporation and not against it": Brewster's Eq. Practice, vol. 5, p. 391. See also, In re Stoddard, 242 N. Y. 148, 151 N. E. 159; Kean v. Supreme Sitting of Order of

Iron Hall, 3 Pa. Dist. R. 323. We need not discuss the question of alleged partial payments as bearing upon the statute of limitations, or of the right of stockholders to interpose such statute.

Preferred stockholders are members of the corporation, not its creditors. "Formerly it was a matter of doubt and discussion whether or not a preferred stockholder had any rights as a creditor of the company or was confined to his rights as a stockholder. The law is now clearly settled that a preferred stockholder is not a corporate creditor": Cook on Corporations, 8th ed., vol. 1, p. 910, sec. 271. And see Moy, Exrx., v. Colonial Finance Corp., 283 Pa. 323; Ellsworth v. Lyons, 181 Fed. 55. Although residing in Pennsylvania such stockholders cannot appropriate corporate property here as against the rights of creditors of the corporation's domicile or in preference to the rights of preferred stockholders residing there or elsewhere, for as against creditors a holder of preferred stock cannot reach corporate assets: Armstrong v. Union Trust & Savings Bank, 248 Fed. 268. And see Southern Building & Loan Assn. v. Miller, 118 Fed. 369. Moreover, on taking over the property the preferred stockholders expressly agreed to pay the debts of the corporation regardless of the domicile. In addition to the Volant plant the plant of the Castle Clay Company was turned over to the preferred stockholders, and the $60,000 is more than sufficient to pay all creditors in full, so the rights of those residing in Pennsylvania are not involved.

Complaint is also made as to the regularity of the proceedings by which defendant agreed to pay all the liabilities of the Youngstown Clay Products Company on taking over its property. That transaction was of record when the preferred stockholders became such, about eight years ago, and, in view of the long delay and all that has since transpired, it is too late to set that up as a defense to payment of the indebtedness here in ques-

tion. See Watt's App., 78 Pa. 371; Ashhurst's App., 60 Pa. 290.

As the Liberty Clay Products Company took over all the property of the Youngstown Clay Products Company and agreed to pay all its indebtedness, a creditor of the latter may bring suit directly against the former: Beltz v. Garrison et al., 254 Pa. 145; Cox v. Phila. Pottery Co., 214 Pa. 373; Delp v. Brewing Co., 123 Pa. 42; C. Kenyon Company v. Sutton, 50 Pa. Superior Ct. 445.

Complaint is made at the fee of $2,000 allowed the Ohio receiver and of $1,250 allowed his counsel and of $240 allowed appraisers. These were adjusted by the proper court in Ohio and we cannot interfere therewith. If excessive the matter was one for the courts of that state and not of Pennsylvania. The receiver in that state has in his hands ample funds to defray those expenses; the court in Lawrence County, however, received evidence upon that question and concluded the charges were not oppressive. It is the province of the court appointing a receiver to fix his fees and those of his counsel and therewith an appellate court will interfere only to correct an abuse of discretion: Traction M. Co. v. Pgh., M. & W. Ry. Co. (No. 1), 261 Pa. 153; Com. v. T. & M. Bank of Pittsburgh, 268 Pa. 526; Wood's Est., 272 Pa. 8. Other matters referred to in the briefs do not require special mention.

The assignments of error are all overruled, the decree is affirmed and the appeal is dismissed at the cost of appellants.