## Hummer's Estate.

*Robert Ruppin*, for petition; *Frank S. Groff*, for estate.

APPEL, P. J., March 21, 1929.—This is an application by John P. Hummer, a son, to open the adjudication in the estate of his father, Andrew G. Hummer, who died intestate Dec. 7, 1926. The adjudication was confirmed *nisi* Nov. 10, 1927. When the confirmation became absolute, the administrator paid the sums, as directed, to those entitled thereto. There are now no funds in the administrator's hands.

The petition to open the adjudication was filed Dec. 13, 1928. A rule to show cause, etc., was granted. An answer was filed and evidence was produced.

In the adjudication the court found as follows: "John P. Hummer is indebted to the estate in an amount exceeding a share, and will not participate in this distribution." The indebtedness above referred to was based on

a note given by petitioner to his father, dated Feb. 11, 1907, for $95, which was found among the papers of decedent and never paid. Though barred by the statute of limitations, the indebtedness was thought to be admitted by petitioner, and, amounting to more than a share, was properly applied as an offset.

Petitioner now denies he was indebted to the decedent in any amount, and asks the court to open the adjudication for the purpose of restoring to him his share of the inheritance of which he claims to be unjustly deprived. He also avers he "had no notice whatever of the filing of said inventory, of the filing of said account, of the audit thereof, nor had he any notice of the adjudication until after the same had been confirmed absolutely."

It is a sufficient answer to the last averment to say that all the requirements of the act of assembly and the rules of court as to notice by advertisement were complied with. Petitioner, therefore, had constructive notice. Living all the time in Lancaster County, the evidence shows he also had actual notice of the various stages in the settlement of his father's estate. As a consequence of the above, the rule to show cause, etc., might well be discharged. Viewing the case on its merits, the petitioner is not entitled to have the prayer of his petition granted. Though in his petition he "denies that he is or was indebted to said estate in the amount of $95.00, or any amount whatever," when shown the note he admitted the signature was his own, and that he had never paid it or the debt it represented. His counsel contended that recovery on the note is barred by the statute of limitations and it cannot, therefore, be justly used as an offset against petitioner's share in the distribution of his father's estate.

The following facts may be legitimately and fairly found from the evidence: H. K. Wisegarver, justice of the peace, attended to the business affairs of the decedent in his lifetime and also represented the administrator in the settlement of the estate. The note in question was found among decedent's papers. Early in March, 1927, at the request of the administrator, Wisegarver wrote a letter, a copy of which was produced, notifying petitioner that the estate held a note against him and requested him to make payment on or before April 1st. In response to this letter, petitioner called on Wisegarver, and, in a conversation, admitted he owed the amount of the note, and besides was indebted to his father in a larger amount, and agreed to submit an itemized account of his debt. He also stated he would pay this debt before the 1st of April, and that his father's estate would never lose a cent. He also told the administrator, upon the occasion of the distribution of some clothing, that he would pay the debt, saying, "the rest (meaning his debt) I will pay between now and April." There was only one note in existence and the debt referred to is represented by the note in question. Though denied by the petitioner, these facts can fairly be found from the evidence as shown by the note, the testimony of the justice of the peace—a disinterested witness—and of the administrator. In the conversation above referred to, the petitioner admitted the debt and promised to submit a statement and pay before April 1st. This he failed to do. The acknowledgment of the debt and the promise to pay tolls the bar of the statute of limitations, and it was a proper offset.

In Palmer v. Gillespie, 95 Pa. 340, 344, the court said: "It is not essentially necessary that the promise be actual or express, provided the other necessary facts are shown. A clear, distinct and unequivocal acknowledgment of a debt is sufficient to take the case out of the operation of the statute. It must be an admission consistent with a promise to pay. If so, the law will imply the promise, without its having been actually or expressly made." See, also,

Maniatakis's Estate, 258 Pa. 11, 15; Mitchell, Rec. of Liberty Clay P. Co., 291 Pa. 282, 289; Miller's Estate, 9 D. & C. 670, 671.

For the two reasons above set forth, the petition to open the adjudication is denied. Rule to show cause, etc., discharged, at the costs of petitioner.

From George Ross Eshleman, Lancaster, Pa.