[redacted]

**CONTINENTAL ILL. NAT. BANK & TRUST CO. OF CHICAGO v. HOLMES.**

**No. 3962.**

District Court, M. D. Pennsylvania.
Nov. 23, 1937.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Gunster, Mackie & Murphy, of Scranton, Pa., for plaintiff.

David W. Phillips and Emanuel Laster, both of Scranton, Pa., for defendant.

WATSON, District Judge.

This action, on two promissory notes, is now before the court on the defendant's motion for judgment for want of a sufficient reply to the new matter set forth in the defendant's affidavit of defense, and raises the question whether the action is barred by limitations.

The pleadings present the following facts:

The defendant indorsed two demand promissory notes in Chicago, Ill.; one dated December 4, 1922, and the other dated December 28, 1922, which notes subsequently became the property of the plaintiff, were duly presented for payment, and demand made on May 12, 1924. Payment was refused and the notes were duly protested and notice of dishonor given. Defendant was a resident of Illinois at the time the notes were made, but left the state some time prior to December 31, 1933, and has not resided there since that time. In the year 1934, the defendant became a resident of Pennsylvania. This action was commenced August 18, 1936.

Under the law of Illinois (Smith-Hurd Ill.Stats. c. 83, § 17), an action on a promissory note is not barred until ten years after the cause of action accrues, and, if the cause of action accrues in Illinois and the defendant departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action. In the instant case, the cause of action accrued in 1924

and the defendant departed from and became a resident out of the state prior to 1934, so that the action is not now barred by the statute of limitations of the state of Illinois, and could be maintained in that state.

It is the plaintiff's contention that its claim, not being barred by the statute of limitations of Illinois, where the cause of action accrued, it may be sued upon in Pennsylvania at any time within six years after the defendant became a resident of Pennsylvania.

■ It is axiomatic that the lex fori rather than the lex loci contractus governs so far as the limitation of actions is concerned. American Law Institute, Restatement of Conflict of Laws, § 603; Watson v. Brewster, 1 Pa. 381; Tenant v. Tenant, 110 Pa. 478, 1 A. 532; Cowles v. Dickinson, 39 Pa.Co.Ct.R. 105.

The question before the court is the time when the Pennsylvania statute of limitations began to run against this action. If it began to run in 1924, the time when the cause of action accrued in Illinois, this action is clearly barred. However, if it did not begin to run until the defendant took up residence in Pennsylvania, the action is not barred. The solution of the problem depends upon a proper application of the Pennsylvania statutes.

The following statutes apply to actions on promissory notes:

"§ 36. *Actions on promissory notes.* All and every such actions on such promissory notes shall be commenced, sued and brought, within such time as is appointed for commencing or suing actions upon the case, by an act of this province, passed in the eleventh and twelfth years of the late Queen Anne, entitled 'An Act for limitation of actions.' (1715, May 28, 1 Sm. L. 90, § 6.)." 12 P.S.Pa. § 36, p. 67.

"§ 31. *Personal actions, when to be brought.* All actions of trespass quare clausum fregit, all actions of detinue, trover and replevin, for taking away goods and cattle, all actions upon account and upon the case (other than such accounts as concern the trade of merchandise between merchant and merchant, their factors or servants), all actions of debt grounded upon any lending, or contract without specialty, all actions of debt, for arrearages of rent, except the proprietaries' quit-rents, and all actions of trespass, of assault, menace, battery, wounding and imprisonment, or any of them, which shall be sued or brought at any time after the five and twentieth day of April, which shall be in the year of our Lord one thousand seven hundred and thirteen, shall be commenced and sued within the time and limitation hereafter expressed, and not after; that is to say, the said actions upon the case, other than for slander, and the said actions for account, and the said actions for trespass, debt, detinue, and replevin, for goods or cattle, and the said actions of trespass quare clausum fregit within three years after the said five and twentieth day of April next, or within six years next after the cause of such actions or suit, and not after. And the said actions of trespass, of assault, menace, battery, wounding, imprisonment, or any of them, within one year next after the said five and twentieth day of April next, or within two years next after the cause of such actions or suit, and not after; and the said actions upon the case for words, within one year next after the words spoken, and not after. (1713, March 27, 1 Sm.L. 76, § 1)." 12 P.S.Pa. § 31, p. 26.

■ It is clear under these statutes that an action on a promissory note is barred at the expiration of six years from the time when the cause of action accrued. It is also clear that these statutes are applicable to all actions, irrespective of the place where the cause of action accrued, whether within or without the state, and irrespective of the residence of the parties when the action accrued.

The only statute creating any exception to the limitation thus fixed is the Act of May 22, 1895, P.L. 112, § 1, 12 P.S.Pa. § 40, which provides as follows:

"§ 40. *Persons becoming non-residents not to have benefit of statute during non-residence.* In all civil suits and actions in which the cause of action shall have arisen within this state the defendant or defendants in such suit or action, who shall have become non-resident of the state after said cause of action shall have arisen, shall not have the benefit of any statute of this state for the limitations of actions during the period of such residence without the state. (1895, May 22, P.L. 112, § 1)." 12 P.S.Pa. § 40, p. 70.

This statute has no application to the case at bar. By its terms it is made applicable only to causes of action arising in Pennsylvania and to defendants who

become nonresident after the cause of action accrues. Neither of these conditions are present in this case.

The plaintiff places some reliance on the cases of Mullen v. Ridgeway (1795) Add.(Pa.) 278, and Mitchell, Receiver, v. Liberty Clay Products Co., 291 Pa. 282, 139 A. 853.

As to the case of Mullen v. Ridgeway, it is sufficient to state that I do not consider it as authoritative. It is reported only briefly, and it is difficult to determine, from the facts and the brief discussion set out, what the basis of the decision was. In the decision in the Mitchell Case, there is nothing to sustain the position taken by the plaintiff here. It was there held that the Pennsylvania courts could not consistently, with the full faith and credit clause of the Federal Constitution (article 4, § 1), inquire into the status of the original debt, the debt having been merged into the judgment.

The case of Cowles v. Dickinson, supra, involved facts similar to those of the case at bar. In that case, action was brought in 1911 on four promissory notes dated August 20, 1896, at Geneva, Ohio, due six months after date. By the law of Ohio, actions on promissory notes were not barred until fifteen years after maturity. However, the court applied the statute of limitations of Pennsylvania, and held that the action was barred six years after maturity. There is nothing in the case indicating when the defendant became resident in Pennsylvania. Apparently, the court did not consider that phase of the case important.

After careful examination of the statutes involved, I am of the opinion that the Pennsylvania statute of limitations begins to run on actions arising in other states at the time when the cause of action accrues. There is nothing in the Pennsylvania statutes suggesting anything to the contrary. The broad language of the statutes themselves indicates that such was the legislative intention and the specific limitations expressed in the act of 1895, creating an exception to the general rule, also indicates that the Legislature had at that time no intention of creating any exception in favor of actions arising in other states.

Statutes of limitations are statutes of repose, the object of which is to suppress fraudulent and stale claims from springing up after great lapses of time, surprising parties or their representatives when all the proper documents are lost, the witnesses deceased, and the facts obscured by lapse of time and defect of memory.

Viewing the present case with this principle in mind, it is obvious that the situation here presented lies within the scope of the objects sought to be accomplished by such statutes. Twelve years after the cause of action accrued, action is brought in a place far from the place where the action accrued and, of course, far from the residence of witnesses who may have knowledge of the facts. Exceptions to the operation of such statutes must be, and generally are, created in the states where actions accrue to prevent defendants from escaping liability by fleeing the state and remaining away until the actions are barred by limitations. However, nothing is to be accomplished by creating such exceptions in favor of actions arising in other states since it is just as easy for a plaintiff to follow a defendant into another state while the cause of action is new as when it is old. The Legislature of Pennsylvania has created no such exception and this court cannot call one into being.

Now, November 23, 1937, the defendant's motion for judgment for want of a sufficient reply to defendant's new matter is granted, the rule to show cause entered August 4, 1937, is made absolute, and judgment is directed to be entered in favor of the defendant and against the plaintiff.