**Industrial Valley Bank and Trust Co. v. Sharpe**

*Kenneth E. Corbus,* for plaintiff.
*Stephen H. Skale,* for defendants.

FORER, *J.,* August 27, 1980—This is an action in assumpsit to recover a deficiency balance due under a Motor Vehicle Installment Sales Contract (MVISC). The matter had been heard by the late

Judge G. Fred DiBona.[1] It was submitted to the writer on an agreed statement of facts. The only issue before this court is whether the four year statute of limitations under the Uniform Commercial Code, 13 Pa.C.S.A. §2725, or the six year statute of limitations under the Judicial Code, 42 Pa.C.S.A. §5527(2), is applicable. It is a question of first impression in Pennsylvania courts.

Although the MVISC is dated June 30, 1965, it is agreed that in mid-September, 1965 defendants purchased a Cadillac from Chestnut Used Cars, Inc. and executed the contract at issue which provides that monthly installments shall be payable to plaintiff bank. The contract is captioned "Motor Vehicle Installment Sale Contract (For use in Pennsylvania under Commercial Code)" and contains a warrant of attorney to confess judgment. The contract includes a clause of assignment to plaintiff.

Defendants made three payments. On default plaintiff repossessed the car in January, 1966. On

1. On April 22, 1974 plaintiff filed a praecipe to reinstate the complaint in assumpsit. Judgment was entered against defendant on July 23, 1974. Plaintiff unsuccessfully attempted to obtain a sheriff's sale in November, 1974 to satisfy the judgment.

Plaintiff filed a praecipe for writ of execution on January 7, 1976. Defendants allege they became aware of the judgment against them and the 1970 assumpsit action in February, 1976 when a friend informed them of advertisements in a local newspaper announcing a sheriff sale of their premises. Defendants filed a rule to show cause why judgment should not be opened which was granted by Gelfand, J. on March 22, 1976. On June 9, 1976 the judgment was opened and defendants were permitted to file an answer to the 1970 complaint.

The case was heard on April 6, 1979 by an arbitration panel which found for defendants. Plaintiff appealed. The matter is before this court for trial de novo.

September 30, 1965 a confession of judgment was filed in the County Court for the County of Philadelphia, September term, 1965, no. 2216A. On August 21, 1970 plaintiff filed the present complaint in assumpsit.

Defendants in new matter raise the defense of laches[2] and deny that there is a deficiency. At pretrial conference it was agreed, however, that the only issue is that of the applicable statute of limitations.

The Motor Vehicle Sales Finance Act (MVSFA) of June 28, 1947, P.L. 1110, 69 P.S. §601 et seq., does not contain a statute of limitations. Plaintiff asserts that accordingly the six year statute of limitations of the Judicial Code applies. The Code, 42 Pa.C.S.A. §5527(2), provides: "An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing . . ." shall be brought within six years. The MVISC at issue is a contract in writing. However, the Judicial Code, section 5501(b), states that the provisions of the Uniform Commercial Code "to the extent that they are inconsistent with this chapter, shall control over the provisions of this chapter." Moreover, the MVISC itself provides that it shall be governed by the Commercial Code.

The Uniform Commercial Code (UCC) was adopted in Pennsylvania in 1953, Act of April 6, 1953, P.L. 3, and reenacted November 1, 1979, P.L. 255, 13 Pa.C.S.A. §1101. The act provides that it shall be liberally construed and applied to promote its underlying purposes and policies which are, inter alia, to simplify, clarify and modernize the law

2. The defense of laches is without merit. Plaintiff has been attempting to recover since 1965 when it filed a confession of judgment.

governing commercial transactions and to make uniform the law among the various jurisdictions: section 1102. "Sale," which is described as passing title from seller to buyer for a price, is broadly defined to include both a present sale and a contract to sell goods: section 2106. The fact that the seller under the MVISC here at issue retained title does not militate against the construction of the contract as a future "sale." Under the UCC, an action for breach of a contract for sale must be commenced within four years after the cause of action has accrued: section 2725(a). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Section 2725(b). The plain reading of the code indicates that the cause of action accrued in January 1966 and that plaintiff had four years from that date in which to file suit.

This conclusion is supported by the MVISFA which applies not only to auto sellers and dealers but also to finance companies and banks: Scipioni v. Sweitzer, 44 D. & C. 2d 794, 796-797 (1968); Paul R. Webber, Inc. v. Duffy, 10 Lebanon 474, 477 (1965).

Plaintiff admits that the suit is not an action on a note as to which the six year statute of limitations would apply: Act of March 27, 1713, 1 Sm.L. 76, sec. 1, 12 P.S. §31 [see now 42 Pa.C.S.A. §§5523-25 and 5527] and Act of May 28, 1715, 1 Sm.L. 90, sec. 6, 12 P.S. §36 [see now 42 Pa.C.S.A. §5527]; Continental Illinois Nat. Bank & Trust Co. of Chicago v. Holmes, 21 F. Supp. 309 (M.D. Pa. 1937). Nonetheless, plaintiff argues that this is not an action for breach of contract for the sale of goods.

Assuming that this is a secured transaction, the

only other possible legal category in which it could be classified, Division 9, "Secured Transactions" of the UCC, specifically provides that in any conflict between the MVSFA and the UCC, the provisions of the former shall control. A MVISC must, therefore, be governed by the MVSFA to which the four year statute of limitations applies. A like construction of these statutes has been reached by a New Jersey court applying Pennsylvania law: Associates Discount Corp. v. Palmer, 47 N.J. 183, 187-188, 219 A. 2d 858, 861 (1966). Other jurisdictions with similar statutes have followed the New Jersey decision. See Citizen's National Bank of Decatur v. Farmer, 77 Ill.App. 3d 56, 395 N.E. 2d 1121 (1979); Massey-Ferguson Credit Corp. v. Casaulong, 62 Cal.App. 3d 1024, 133 Cal. Rptr 497 (1976). The goal of uniformity among the states is furthered by these decisions which without exception apply the Commercial Code to motor vehicle installment sales. The situation presented in the instant case must be distinguished from Commercial Credit Corporation v. Pasquarello (No. 2), 8 D. & C. 3d 466 (1978), which involved an action on a note, not a MVISC.

Plaintiff further argues that even if the four year statute of limitations is applicable, the action is timely because the statute was tolled by the confession of judgment in September, 1965. In support of this argument, plaintiff relies upon analogy to Pa.R.C.P. 2986 and section 407 of the Act of January 30, 1974, P.L. 13, 41 P.S. §407 [Act 6] relating to execution on residential mortgages. Rule 2986 permits the court to merge judgment with the confessed judgment. This rule by its terms is not applicable to any other type of action.

Plaintiff also argues that the 1970 action is timely, invoking 13 Pa.C.S.A. §2725(c), which provides:

"Where an action commenced within the time limited by [the four year statute of limitations] is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute."

Judgment was confessed within the four year limitation period under the UCC. Plaintiff asserts that it did not execute on its judgment because the Pennsylvania confession by judgment procedure was declared unconstitutional in June, 1970: Swarb v. Lennox, 314 F. Supp. 1091 (E.D. Pa. 1970). A period of four years and eight months elapsed between the time judgment was confessed and the Federal District Court's invalidating the Pennsylvania confession of judgment practice. Plaintiff never obtained execution on the 1965 judgment. That action has not been terminated or dismissed. The saving clause of 13 Pa.C.S.A. §2725(c) is inapplicable.

Plaintiff's alternative argument that the MVISC at issue is a sealed instrument with no statute of limitations is without merit. The Code, 42 Pa.C.S.A. §5525(1), specifies: "An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures" must be commenced within four years.

Judgment is entered in favor of defendants.